STATE of Missouri, Respondent,

v.

Christopher SANTILLAN, Appellant.

and

Christopher SANTILLAN, Appellant,

v.

STATE of Missouri, Respondent.

No. 79607.

Supreme Court of Missouri,
En Banc.

June 17, 1997.

Rehearing Denied Aug. 19, 1997.

Alan G. Kimbrell, St. Louis, Scott Rosenblum, Clayton, for Appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Cheryl A. Caponegro, Assistant Attorney General, Jefferson City, for Respondent.

COVINGTON, Judge.

Appellant, Christopher Santillan, appeals from his conviction for first degree murder and armed criminal action. Appellant was found guilty after a jury trial and sentenced to imprisonment for life without eligibility for

parole or probation on the murder charge and three years imprisonment on the armed criminal action charge. On appeal appellant contended, among other allegations of trial court error, that the trial court erred in refusing to submit a murder in the second degree instruction when the evidence provided a basis for acquitting of first degree murder and convicting of second degree murder. The Missouri Court of Appeals, Eastern District, affirmed the conviction and the denial of appellant's request for Rule 29.15 post-conviction relief. This Court granted transfer to consider the issue of the trial court's failure to give a second degree murder instruction. This Court reverses the judgment and conviction and remands for a new trial.

Section 565.025.2 [1] provides that murder in the second degree is a lesser included offense of murder in the first degree. Section 556.046.2 instructs that "[t]he court shall not be obligated to charge the jury with respect to an included offense unless there is a basis for a verdict acquitting the defendant of the offense charged and convicting him of the included offense." Appellant contends that the trial court was obligated to give a second degree murder instruction because there was a basis for acquitting him of first degree murder while finding him guilty of second degree murder.[2]

The jury had before it the following physical evidence to determine the identity of the murderer of the victim, Vinay Singh. One of appellant's friends saw appellant with a loaded .44 Magnum in his car on January 29, 1992. Shortly after 2 a.m. on January 31, 1992, Vinay Singh told his father and a friend that appellant was picking Vinay up at his house and that the two of them were going out for something to eat. Telephone records from appellant's family's mobile phone showed a call placed to Vinay Singh's residence at 2:11 a.m. on January 31, 1992. Vinay left his house after 2:00 a.m. on January 31, 1992, and never returned. On March 2, 1992, Vinay Singh's body was discovered partially buried behind an abandoned school close to appellant and Vinay's homes. Vinay Singh was shot twice with a .44 caliber pistol.

Blood taken from a car owned by appellant's family and often driven by appellant matched the victim's blood. Glass recovered from appellant's car was indistinguishable in many respects from glass found at the scene where Vinay Singh's body was found. During a search of appellant's home, police officers seized a .44 caliber Magnum revolver and .44 Magnum Remington ammunition. A copper bullet jacket fragment recovered from Vinay Singh's body was consistent with the type of ammunition seized from appellant's house and with the sample fired from the .44 Magnum seized from appellant's house.

The foregoing evidence comprises the physical evidence upon which the jury could have determined the identity of the murderer to be appellant. Having determined that appellant shot and killed Vinay Singh, it was necessary also for the jury to determine the mental state of appellant. To convict of first degree murder, the jury was required to find, beyond a reasonable doubt, that appellant acted with deliberation. Section 565.020.

The state's evidence of appellant's mental state included the testimony of several witnesses who stated that appellant and Vinay Singh were friends and were interested in dating the same girl, Missy Ray. In the fall of 1991, Missy Ray and Vinay Singh witnessed appellant put a gun to his own head. Missy Ray testified that appellant stated he put a gun to his head because "he could not stand the fact that one of his best friends was in love with the same girl he was." Missy also testified that six days prior to Vinay Singh's disappearance, appellant drove her to Vinay's house to discuss some problems. Appellant told Missy to call him when they were finished talking and he would drive her home. When Missy called appellant and told him that she and Vinay had "made up," appellant refused to drive Missy back to her house. For additional evidence of deliberation, the state also emphasizes the two wounds inflicted upon Vinay Singh, the absence of a call for medical attention, and the fact that appellant attempted to bury Singh's body.

1. All statutory references are to RSMo 1994.

2. Both appellant and the state requested a second degree submission.

■ The state claims that appellant was not entitled to a second degree murder instruction. In most homicide cases, however, a defendant is entitled to a second degree instruction. *State v. Mease*, 842 S.W.2d 98, 112 (Mo. banc 1992), *cert. denied*, 508 U.S. 918, 113 S.Ct. 2363, 124 L.Ed.2d 269 (1993). The difference between first and second degree murder is the element of deliberation. For a conviction of first degree murder, the state must prove beyond a reasonable doubt that the defendant deliberated when he caused the death of another. Section 565.020. Deliberation is a mental state and is difficult to prove through direct evidence. *State v. Turner*, 623 S.W.2d 4, 7 (Mo. banc 1981). "[T]he mental elements establishing murder may be proved by indirect evidence and inferences reasonably drawn from the circumstances surrounding" the offense. *Id.* In most cases, indirect evidence of deliberation also supports a finding of lack of deliberation. A jury may draw different inferences from the facts on the issue of whether the defendant deliberated. *State v. Stepter*, 794 S.W.2d 649, 653 (Mo. banc 1990). Deliberation is, therefore, a question of fact for the jury and a second degree murder instruction is usually warranted. *Id.*

This is not to say that a second degree murder instruction is required in every case in which first degree murder is charged. For example, in *Mease*, 842 S.W.2d 98, the evidence showed that the defendant planned the murder of one of his victims for three months in advance of the killing. He acquired a variety of weapons and ammunition and told his girlfriend that he was going to kill one of the victims. Defendant's girlfriend dropped him off in the woods near the victims' cabin, where defendant, dressed in camouflage, scouted the area for a full day. Defendant constructed a blind and lay waiting for several hours for the victims to emerge from the cabin. Defendant shot each of the three victims from afar, then shot each of them once more in the head at close range. This Court held that no second degree instruction was required because "no rational fact finder could conclude that the [defendant] acted without deliberation." *Id.* at 112.

■ The state relies on *State v. Olson*, 636 S.W.2d 318 (Mo. banc 1982), and *State v. Chambers*, 884 S.W.2d 113 (Mo.App.1994), for the proposition that instructing down is limited to "those instances where there is some affirmative evidence of a lack of an essential element of the higher offense which would not only authorize acquittal of the higher but sustain a conviction of the lesser." *Olson*, 636 S.W.2d at 322. The state claims that because appellant's defense was limited to evidence of his innocence, he was not entitled to a second degree instruction. Section 556.046.2, however, requires only that there be a basis for the jury to acquit on the higher offense in order for the court to submit an instruction for the lesser included offense. If a reasonable juror could draw inferences from the evidence presented that the defendant did not deliberate, the trial court should instruct down. The defendant is not required to put on affirmative evidence as to lack of deliberation to obtain submission of a second degree murder instruction. To the extent that *Olson* and *Chambers* may be read to require a defendant to put on affirmative evidence as to the lack of an essential element of the higher offense, they are overruled.

■ It remains to apply the teaching of *Stepter* and *Mease* to the present case. Although the evidence of mental state could be interpreted by a jury as evidence of deliberation, a reasonable juror could also find that the evidence did not prove deliberation beyond a reasonable doubt but was sufficient to find that the appellant had the requisite mental state for second degree murder. For example, from the evidence regarding the relationships of Vinay Singh, Missy Ray, and appellant, it is possible for a reasonable juror to infer that appellant acted with deliberation in causing the death of Vinay Singh. It is also possible, however, for a rational fact finder to conclude that appellant knowingly caused the death but did not deliberate. As an additional example, evidence of appellant's failure to call for medical attention and burial of the body would allow a reasonable juror to infer deliberation but, also, would allow a reasonable juror to infer only a cover-up after the death of Singh. *See e.g., State v. Branch*, 757 S.W.2d 595, 599–600

(Mo.App.1988). Albeit there were two gunshot wounds inflicted upon Singh, none of the other evidence approaches the level of evidence in *Mease* so as to compel a determination that no rational fact finder could conclude that the defendant acted without deliberation. In fact, in this case the jury could take as true all of the state's evidence, yet fail to draw the inference that appellant deliberated before killing Vinay Singh. In other words, the evidence in this case to establish deliberation can support that inference, but that inference is not imperative.

■ In summary, if there is any doubt upon the evidence, the trial court should resolve any doubts in favor of instructing on the lower degree of the crime, leaving it to the jury to decide which of two or more grades of an offense, if any, the defendant is guilty. *State v. Beck*, 849 S.W.2d 668, 670 (Mo.App.1993). Although there is an occasional case in which all of the evidence supports a finding of deliberation and no reasonable juror could conclude otherwise, *Mease*, 842 S.W.2d 98, this is not that case. Here, a reasonable juror could have found that appellant did kill Vinay Singh but did so without deliberation. The trial court erred in failing to submit a second degree murder instruction.

Appellant raises four additional contentions of trial error and an allegation that the trial court erred in failing to grant a new trial based on newly discovered evidence. Because none of appellant's allegations of error is certain to recur on retrial, it is unnecessary to reach these issues.

The trial court erred in refusing appellant's tendered second degree murder instruction. The judgment and conviction are reversed and the cause remanded for a new trial. The appeal of the denial of Rule 29.15 post-conviction relief is dismissed as moot.

All concur.