**STATE of Missouri, Respondent,**

v.

**Casey N. POND, Appellant.**

**No. SC 85500.**

Supreme Court of Missouri,

April 13, 2004.

Craig A. Johnston, Office of the State Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Karen L. Kramer, Asst. Atty. Gen., Jefferson City, for respondent.

DUANE BENTON, Judge.

The State charged Casey N. Pond with statutory sodomy in the first degree. At trial, the circuit court refused to instruct on the lesser offense of child molestation in the first degree. Pond was sentenced, as a prior offender, to 15 years imprisonment. He asserts error in not instructing on the lesser offense, and in finding him a prior offender. After opinion by the Court of Appeals, this Court granted transfer. *Mo. Const. art. V, sec. 10.* Reversed and remanded.

The parties do not dispute that on the facts here, child molestation in the first degree is a lesser offense of statutory sodomy in the first degree. *See State v. Barnard,* 972 S.W.2d 462, 465–66 (Mo.App. 1998). Trial judges are not required to instruct on a lesser offense unless the jury has a basis to: 1) acquit of the offense charged, and 2) convict of the lesser offense. *Section 556.046.2;* [1] *State v. Hibler,* 5 S.W.3d 147, 148 (Mo. banc 1999). The judge here should have instructed on the lesser offense if the jury could acquit Pond of statutory sodomy in the first degree, and convict of child molestation in the first degree.

For statutory sodomy in the first degree, one must engage in deviate sexual intercourse with a person under 14 years old. *State v. Robinson,* 26 S.W.3d 414, 417 (Mo.App.2000); *section 566.062.1.* "Deviate sexual intercourse" requires proof of "penetration, however slight, of the male or female sex organ . . . ." *Section 566.010(1).*

1. All statutory references are to RSMo 1994.

Penetration is not an element of child molestation in the first degree, which requires only sexual contact with another person less than 12 years of age. *Section 566.067.1.* "Sexual contact" is "any touching of the genitals...." *Section 566.010(3).*

"In order for there to be a basis for an acquittal of the greater offense, there must be some evidence that an essential element of the greater offense is lacking and the element that is lacking must be the basis for acquittal of the greater offense and the conviction of the lesser." *Barnard,* 972 S.W.2d at 466; *State v. Santillan,* 948 S.W.2d 574, 576 (Mo. banc 1997).

At trial, the victim testified that Pond "was pressing in [her] private area between [her] legs with his fingers." He put his fingers "in [her] body and it hurt." Clearly, a jury could find penetration, and convict of statutory sodomy.

Pond, however, emphasizes the cross-examination of the victim, as well as testimony of other witnesses. On cross-examination, the victim admitted she first mentioned penetration at trial, and originally told her mother that Pond "touched" her and did not say he penetrated her. She further agreed that at the preliminary hearing she said Pond "pushed on her private area." Earlier, describing the conduct to a police officer, she stated that Pond "touched her private area, vagina area." The victim also told her cousin the morning after the event, that Pond "was touching her at a bad spot."

The State contends a lesser-included instruction is not warranted, because Pond presented no affirmative evidence. It argues that a defendant is not entitled to a lesser-offense instruction merely because a jury might disbelieve some of the State's evidence. The State cites *State v. McNaughton,* 924 S.W.2d 517, 527 (Mo. App.1996); *State v. Garrison,* 975 S.W.2d 460, 461–62 (Mo.App.1998); *State v.*

*Mouse,* 989 S.W.2d 185, 192 (Mo.App. 1999); and *State v. Hampton,* 50 S.W.3d 298, 302 (Mo.App.2001).

■ These cases rely on *State v. Olson,* 636 S.W.2d 318, 322 (Mo. banc 1982). Then, instructing down was limited to "those instances where there is some affirmative evidence of a lack of an essential element of the higher offense which would not only authorize acquittal of the higher but sustain a conviction of the lesser." *Id.* This Court, however, overruled *Olson,* and its interpretation of section 556.046.2. *See Santillan,* 948 S.W.2d at 576. Section 556.046.2 requires only *a basis* for the jury to acquit on the higher offense. *Id.* (emphasis added). Like *Olson,* the cases cited by the State are overruled, to the extent they require affirmative evidence from the defendant.

■ A defendant is entitled to an instruction on any theory the evidence establishes. *Hibler,* 5 S.W.3d at 150. This Court leaves to the jury determining the credibility of witnesses, resolving conflicts in testimony, and weighing evidence. *Rousan v. State,* 48 S.W.3d 576, 595 (Mo. banc 2001). A jury may accept part of a witness's testimony, but disbelieve other parts. *State v. Redmond,* 937 S.W.2d 205, 209 (Mo. banc 1996). If the evidence supports differing conclusions, the judge must instruct on each. *Hibler,* 5 S.W.3d at 150. A trial court should err on the side of caution. *Id.* at 148.

Here, the jury could have found touching, and not penetration. "The jury could have believed part of the victim's testimony, that defendant touched her, and disbelieved that defendant penetrated her." *Robinson,* 26 S.W.3d at 418. A reasonable jury could find the prior statements more believable than those at trial.

Pond demonstrates that the jury had grounds to acquit of statutory sodomy, and

convict of child molestation. He is entitled to a lesser-offense instruction on child molestation. This Court need not address his other claims of trial error.

■ Prior-offender status, however, will be at issue on re-trial. The judge did not err in finding Pond a prior offender, "one who *has pleaded guilty to* or has been found guilty of one felony." *Section 558.016.2.* (emphasis added). "The pleas or findings of guilty shall be prior to the date of commission of the present offense." *Section 558.016.6.*

Pond pleaded guilty to unlawful use of a weapon—and the trial court accepted that plea—on August 20, 1999. He was sentenced May 26, 2000. Pond committed the instant offense in the late night/early morning of May 25/26, 2000. He argues that because he was not sentenced until after the instant offense, he cannot be a prior offender.

Section 558.016, however, does not require that a defendant be sentenced for a prior offense. It requires that the defendant "pleaded guilty." Here, Pond pleaded guilty on August 20, 1999—before committing the current offense.

Pond contends that because the court could reject the plea agreement at sentencing—enabling him to withdraw his plea—his guilty plea was not final, and therefore did not make him a prior offender. At plea time, the trial court did defer "acceptance or rejection of the plea agreement," pending a pre-sentence investigation. However, the court clearly stated that it "accepts the plea of guilty to the charge of unlawful use of a weapon, a D felony."

■ Pond's situation is analogous to a suspended imposition of sentence. The guilty plea resulting in a suspended imposition of sentence can be used for prior offender status. "That no sentence is imposed after a plea of guilty or a finding of guilt does not change prior or persistent offender status. A plea or finding of guilt is included in determining prior offender status under § 558.016, even if the sentences are suspended." *State v. Talkington,* 25 S.W.3d 657, 658 (Mo.App.2000); *see State v. Larson,* 79 S.W.3d 891, 894 n. 9 (Mo. banc 2002); *State v. Lynch,* 679 S.W.2d 858, 861 (Mo. banc 1984).

Pond points out that a guilty plea must be unconditionally accepted, to be the basis for prior offender status. *See Peiffer v. State,* 88 S.W.3d 439, 445 (Mo. banc 2002). Retaining jurisdiction to sentence, however, does not make the plea conditional—it makes the recommended sentence conditional. Pond could only withdraw his plea if the court did not accept the recommended sentence.

The court indicated its unconditional acceptance of the plea on August 20, 1999. The court found that his guilty plea "is made voluntarily and with full understanding of the charges and the consequences of the plea. . . ." The court determined "there is a factual basis for the plea." The guilty plea was accepted. Because the guilty plea here was unconditionally accepted before the current crime was committed, he is a prior offender.

The judgment is reversed, and the cause remanded.

All concur.