**STATE of Missouri, Respondent,**

v.

**Robert Earl WILLIAMS, Appellant.**

**No. SC 90501.**

Supreme Court of Missouri,
En Banc.

May 25, 2010.

Rehearing Denied June 29, 2010.

Gwenda Renee Robinson, Public Defender's Office, St. Louis, for Appellant.

Mary H. Moore, Atty. General's Office, for Respondent.

1. This Court has jurisdiction after transferring this case from the court of appeals after opinion. Mo. Const. art. V, sec. 10.

2. A more extensive recitation of the conflicting testimony in this case is not necessary for resolution of the legal issue to be decided

ZEL M. FISCHER, Judge.

Timothy Wagner was robbed. Robert Williams was charged with robbery in the second degree by acting with another. At trial, Williams testified in his own defense, denying the charge. At the instruction conference, he requested the jury be instructed on the lesser included offense of felony stealing. The trial court refused Williams' request and only instructed the jury on robbery in the second degree. The jury found Wagner guilty of robbery. The trial court erred in refusing to instruct the jury as Williams requested. The judgment is reversed, and the case is remanded.[1]

## Facts

On January 5, 2007, the State of Missouri filed an indictment against Robert Williams, charging him with the class B felony of robbery in the second degree for his conduct on October 17, 2006, acting with another, by forcibly stealing money from Timothy Wagner.

A trial was held on July 16 and 17, 2008. At trial, Williams testified that his friend, nicknamed Sweets, had taken marijuana from Wagner at Wagner's apartment during a drug transaction that Wagner had arranged. Williams testified he watched Sweets enter Wagner's apartment and saw Wagner place something on a scale and hands go down on the table. He testified that he did not see Sweets forcibly take marijuana or money from Wagner. Williams testified that he had not personally taken or forcibly taken the marijuana, money or anything from Wagner.[2]

because there is no claim that there was insufficient evidence to support the jury instruction for robbery in the second degree. Robbery in the second degree as instructed in this case amounts to stealing with the use of force.

After Williams rested his case, the trial court held a jury instruction conference outside the presence of the jury. By written request, Williams submitted Instruction A, regarding felony stealing, a lesser included offense to second degree robbery. The proffered instruction stated:

A person is responsible for his own conduct and he is also responsible for the conduct of another person in committing an offense if he acts with the other person with the common purpose of committing that offense or if, for the purpose of committing that offense, he aids or encourages the other person in committing it.

If you do not find the defendant guilty of robbery in the second degree as submitted in Instruction No. 5, you must consider whether he is guilty of stealing under this instruction.

If you find and believe from the evidence beyond a reasonable doubt:

First, that on or about October 17, 2006, in the State of Missouri, the defendant or another took money, which was property owned by Timothy Wagner, and

Second, that defendant or another did so for the purpose of withholding it from the owner permanently, and

Third, that the property was physically taken from the person of Timothy Wagner, then you are instructed that the offense of stealing has occurred, and if you further find and believe from the evidence beyond a reasonable doubt:

Fourth, that with the purpose of promoting or further the commission of that stealing, the defendant acted together with or aided another person in committing the offense, then you will find the defendant guilty of stealing under this instruction.

However, unless you find and believe from the evidence beyond a reasonable doubt each and all of these propositions, you must find the defendant not guilty of that offense.

The State submitted a verdict directing jury instruction for the offense of robbery in the second degree.[3] The trial court submitted the State's proffered instruction but denied the proffered lesser included offense. The jury found Williams guilty of robbery in the second degree. On September 25, 2008, Williams was sentenced

---

3. Instruction No. 5 stated:

A person is responsible for his own conduct and he is also responsible for the conduct of another person in committing an offense if he acts with the other person with the common purpose of committing that offense or if, for the purpose of committing that offense, he aids or encourages the other person in committing it.

If you find and believe from the evidence beyond a reasonable doubt:

First, that on or about October 17, 2006, in the State of Missouri, the defendant or another took money, which was property owned by Timothy Wagner, and

Second, that defendant or another did so for the purpose of withholding it from the owner permanently, and

Third, that defendant or another in doing so used physical force or threatened the immediate use of physical force on or against Timothy Wagner for the purpose of overcoming resistance to the taking of the property, then you are instructed that the offense of robbery in the second degree has occurred, and if you further find and believe from the evidence beyond a reasonable doubt:

Fourth, that with the purpose of promoting or furthering the commission of that robbery in the second degree, the defendant acted together with or aided another person in committing the offense, then you will find the defendant guilty of robbery in the second degree.

However, unless you find and believe from the evidence beyond a reasonable doubt each and all of these propositions, you must find the defendant not guilty of that offense.

as a persistent felony offender to 15 years imprisonment.

## Standard of Review

"At the close of the evidence, or at such earlier time as the court may direct, counsel shall submit to the court instructions and verdict forms that the party requests be given." Rule 28.02(b). Further, "[t]he giving or failure to give an instruction or verdict form in violation of this Rule 28.02 or any applicable Notes On Use shall constitute error, the error's prejudicial effect to be judicially determined, provided that objection has been timely made pursuant to Rule 28.03." Rule 28.02(f).

## Analysis

■ Stealing from a person is a lesser included offense of robbery in the second degree. *See Patterson v. State,* 110 S.W.3d 896, 901 (Mo.App.2003); *State v. Ide,* 933 S.W.2d 849, 851 (Mo.App.1996). Under § 556.046.1, RSMo Supp.2008:

A defendant may be convicted of an offense included in an offense charged in the indictment or information. An offense is so included when: (1) It is established by proof of the same or less than all the facts required to establish the commission of the offense charged. . . .

Williams was charged with robbery in the second degree, which requires the State to prove beyond a reasonable doubt that the defendant forcibly stole property.[4] To support a conviction of stealing, the State does not have to prove the element of force; the State must prove beyond a reasonable doubt that the defendant "appropriate[d] property or services of another with the purpose to deprive him or her thereof, either without his or her consent or by means of deceit or coercion." Section 570.030.1, RSMo Supp.2008.

MAI–CR 3d 304.11.G. provides as follows:

Instructions on lesser included offenses and lesser degree offenses require a written request by one of the parties. Section 565.025.3, RSMo Supp.2004. Moreover, such an instruction will not be given unless there is a basis for acquitting the defendant of the higher offense and convicting him of the lesser offense. Section 556.046, RSMo Supp.2004 (citation omitted). A defendant is entitled to an instruction on any theory the evidence establishes. A jury may accept part of a witness's testimony, but disbelieve other parts. If the evidence supports differing conclusions, the judge must instruct on each.

■ "A defendant is entitled to an instruction on any theory the evidence establishes." *State v. Pond,* 131 S.W.3d 792, 794 (Mo. banc 2004). "Section 556.046.2 . . . requires only that there be *a basis* for the jury to acquit on the higher offense in order for the court to submit an instruction for the lesser included offense." *State v. Santillan,* 948 S.W.2d 574, 576 (Mo.

---

4. "A person commits the crime of robbery in the second degree when he forcibly steals property." Section 569.030, RSMo 2000. Under § 569.010, RSMo 2000,

(1) "Forcibly steals", a person 'forcibly steals', and thereby commits robbery, when, in the course of stealing, as defined in section 570.030, RSMo, he uses or threatens the immediate use of physical force upon another person for the purpose of:

(a) Preventing or overcoming resistance to the taking of the property or to the retention thereof immediately after the taking; or

(b) Compelling the owner of such property or another person to deliver up the property or to engage in other conduct which aids in the commission of the theft.

banc 1997) (emphasis added).[5] "If the evidence supports differing conclusions, the judge must instruct on each." *Pond*, 131 S.W.3d at 794.

Moreover, "[t]his Court leaves to the jury determining the credibility of witnesses, resolving conflicts in testimony, and weighing evidence." *Id.* "If a reasonable juror could draw inferences from the evidence presented that an essential element of the greater offense has not been established, the trial court should instruct down." *State v. Derenzy*, 89 S.W.3d 472, 474 (Mo. banc 2002) (citing *State v. Hineman*, 14 S.W.3d 924, 927 (Mo. banc 1999)). "The jury is permitted to draw such reasonable inferences from the evidence as the evidence will permit and may believe or disbelieve all, part, or none of the testimony of any witness." *Hineman*, 14 S.W.3d at 927; *see also Pond*, 131 S.W.3d at 794 ("A jury may accept part of a witness's testimony, but disbelieve other parts."). "Doubts concerning whether to instruct on a lesser included offense should be resolved in favor of including the instruction, leaving it to the jury to decide." *Derenzy*, 89 S.W.3d at 474–75.

In this case, the evidence provided a basis for the jury to acquit Williams of robbery in the second degree and convict him of felony stealing. The jurors could have believed Williams was complicit in the taking of money from Wagner, believed Wagner's testimony that no gun or knife was used, and disbelieved Wagner's testimony about the use of physical force. Therefore, the trial court erred in not submitting the stealing instruction to the jury.

The State argues that there was no reasonable basis in the evidence for acquitting Williams of robbery in the second degree and convicting him of stealing because Williams denied the commission of the charged offense and there was no basis in the State's evidence or the conflicting version of the crime offered by Williams to support instructing down. The State contends there was no such basis because the jury would have been required to "disbelieve some of the evidence of the state, or decline to draw some or all of the permissible inferences." This, the State claims, "does not entitle the defendant to an instruction otherwise unsupported by the evidence."

The State mistakenly relies on *State v. Warrington*, 884 S.W.2d 711, 717 (Mo.App. 1994); *State v. Arbuckle*, 816 S.W.2d 932, 935 (Mo.App.1991); and *State v. Pruett*, 805 S.W.2d 724, 725–26 (Mo.App.1991), to support its argument that a defendant is not entitled to a lesser included offense instruction merely because the jury might disbelieve some of the State's evidence. These three cases rely on the previously overruled case of *State v. Olson*, in which this Court established that "[s]ection 556.046.2 limit[ed] the requirement of instructing down to those instances where there is some affirmative evidence of a lack of an essential element of the higher offense which would not only authorize acquittal of the higher but sustain a conviction of the lesser." 636 S.W.2d 318, 322 (Mo. banc 1982). *Olson* was overruled by *Santillan*, 948 S.W.2d at 576 ("To the extent that *Olson* ... may be read to require a defendant to put on affirmative evidence as to the lack of an essential element of the higher offense, [it is] overruled.").

---

5. Section 556.046.3, RSMo Supp.2008, states: The court shall be obligated to instruct the jury with respect to a particular included offense only if there is a basis in the evidence for acquitting the defendant of the immediately higher included offense and there is a basis in the evidence for convicting the defendant of that particular included offense.

While the State acknowledges that after *Santillan,* the *defendant* was not required to put on affirmative evidence, it nonetheless argues that Williams was not entitled to a lesser included offense instruction because there was no affirmative evidence supporting his instruction. Therefore, the State contends, Williams was not entitled to the instruction on the sole basis that the jury might disbelieve some of the State's evidence. This Court rejected that same argument in *Pond,* a post-*Santillan* case. Here, as in *Pond,* the State relies on pre-*Santillan* cases and argues that "a defendant is not entitled to a lesser-included offense instruction merely because a jury might disbelieve some of the State's evidence." 131 S.W.3d at 794. In *Pond,* this Court rejected the State's argument, stating, "A defendant is entitled to an instruction on any theory the evidence establishes." *Id.* at 794.

### Conclusion

The judgment of the trial court is reversed, and the case is remanded.

All concur.