

# Missouri Court of Appeals

## Southern District

### Division Two

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | |
| | ) | |
| Plaintiff-Respondent, | ) | |
| | ) | |
| vs. | ) | No. SD32726 |
| | ) | |
| SCOTT S. HALFORD, | ) | **Filed: June 10, 2014** |
| | ) | |
| Defendant-Appellant. | ) | |

APPEAL FROM THE CIRCUIT COURT OF WRIGHT COUNTY

Honorable John B. Jacobs, Associate Circuit Judge

## REVERSED AND REMANDED

Scott S. Halford ("Defendant") was convicted of second-degree domestic assault. Defendant appeals, claiming the trial court erred in failing to submit a lesser-included offense instruction for third-degree domestic assault. We agree and reverse the trial court's judgment.

## Standard of Review

"The giving or failure to give an instruction or verdict form in violation of this Rule 28.02 or any applicable Notes On Use shall constitute error, the error's prejudicial effect to be judicially determined, provided that objection has been

timely made pursuant to Rule 28.03."[1]  Rule 28.02(f).[2]  Thus, "[a] 'trial court errs if it does not instruct the jury in compliance with MAI-CR instructions and applicable notes.'"  ***State v. Davenport***, 174 S.W.3d 666, 668 (Mo. App. S.D. 2005) (quoting ***State v. Mee***, 643 S.W.2d 601, 604 (Mo. App. E.D. 1982)).  Additionally, "[i]n reviewing whether a trial court erred in failing to instruct the jury on a lesser-included offense, we review the evidence in a light most favorable to the defendant."  ***State v. Knight***, 355 S.W.3d 556, 558 (Mo. App. S.D. 2011).

## Factual and Procedural Background

Viewed in the light most favorable to Defendant, the following evidence was adduced at trial.

Andrea Rath ("Victim") was romantically involved with Defendant and lived with him at the time of the events giving rise to this case.  On July 11, 2012,

---

[1]  The State argues Defendant's claim was not preserved for appellate review because the instruction Defendant proffered at trial "did not correctly state the second element of the offense[.]"  We disagree.

Defendant's proffered instruction posited Defendant and Victim "were adults who resided together[.]"  Under the statute in force at the time of this offense, a conviction for third-degree domestic assault required among other things that the victim be "a family or household member or an adult who is or has been in a continuing social relationship of a romantic or intimate nature with the actor, as defined in section 455.010[.]"  § 565.074.1, RSMo Cum. Supp. (2012).  Included in the section 455.010 definition of household member are "persons who are presently residing together[.]"  § 455.010(7).  Additionally, with respect to this element, the pattern instruction lists several options:

    (1)    "were related by blood or marriage,"
    (2)    "(resided together) (and) (had resided together in the past),"
    (3)    "(were) (and) (had been) in a continuing social relationship of a romantic or intimate nature)," and
    (4)    "(have a child in common)."

The pattern instruction further instructs the practitioner to "[i]nsert *one or* more of the following."  MAI-CR 3d 319.76 (2013) (emphasis added).  Thus, the statute merely required a finding that Defendant and Victim resided together, and the pattern instruction only required the use of *one* of the four options.  For those reasons, the instruction did not need to posit both that Defendant and Victim resided together and had been in a continuing social relationship of a romantic or intimate nature.  The State cites no authority supporting the idea that the proffered instruction was required to list more than one of the options as the State's instruction did.  Defendant's proffered instruction complied with the applicable pattern instruction, so the claim is preserved for appellate review.

[2]  All rule references are to Missouri Court Rules (2013).

2

Victim and Defendant were waiting in a Mountain Grove, Missouri, park to have visitation with Victim's children supervised by Victim's caseworker, Tonya Stout ("Stout").

Victim and Defendant had been arguing all day. When Stout arrived at the park, Victim and Defendant were sitting across from each other at a picnic table still arguing. In response to one of Victim's remarks, Defendant cussed at Victim. Victim "stood up from the picnic table, ready to fight." She was "in his face" and being physically aggressive. Then Defendant grabbed Victim's throat and continued to grip her by the throat and she was red in the face. Victim described the act as "[a] stop kind of thing." Defendant did not apply pressure, and Victim could still breathe and scream. She continued to go toward Defendant. Victim stopped struggling when she heard Stout calling the police and Defendant released his hold on Victim. The grabbing of the throat lasted under ten minutes.

Officer Matthew Thompson ("Officer Thompson") of the Mountain Grove Police Department was dispatched to the scene. He spoke with Stout, Victim, and Defendant. Stout seemed very frightened. Officer Thompson testified Victim had a redness around her neck, but she told Officer Thompson she did not want to press charges. Officer Thompson did not suggest Victim seek medical attention and stated Victim appeared to be "more mad than scared." Defendant was in an agitated state and appeared to be intoxicated.

Defendant was charged with second-degree domestic assault based on the allegation that Defendant "attempted to cause and/or, knowingly caused physical

3

injury to [Victim] by choking her[.]" *See* § 565.073.[3]  During the instruction

conference at trial, Defendant offered an instruction regarding the lesser-

included offense of third-degree domestic assault which would have allowed the

jury to consider whether Defendant merely intended to cause physical contact

which he knew Victim would find offensive.  *See* § 565.074.  The trial judge

refused to give the instruction because he did not believe there was evidence from

which the jury could find Victim thought the contact was offensive.  The jury

subsequently found Defendant guilty of second-degree domestic assault.

Defendant included a claim regarding the refused instruction in his motion for

new trial which was overruled.   Defendant appeals.

## Discussion

In his sole point on appeal, Defendant argues the trial court erred in

refusing his proffered instruction regarding the lesser-included offense of third-

degree domestic assault.  We agree.

Section 556.046 discusses when an offense is a lesser included offense of a

charged offense and when a trial court is obligated to instruct the jury regarding a

lesser included offense.  Under that statute, "[t]he court shall be obligated to

instruct the jury with respect to a particular included offense only if there is a

basis in the evidence for acquitting the defendant of the immediately higher

included offense and there is a basis in the evidence for convicting the defendant

of that particular included offense."  § 556.046.3, RSMo Cum. Supp. (2014).  "In

order for there to be a basis for an acquittal of the greater offense, there must be

some evidence that an essential element of the greater offense is lacking and the

[3]    Unless otherwise indicated, all statutory references are to RSMo Cum. Supp. (2012).

4

element that is lacking must be the basis for acquittal of the greater offense and the conviction of the lesser." ***Knight***, 355 S.W.3d at 558. "If the evidence supports differing conclusions, the judge must instruct on each." ***State v. Williams***, 313 S.W.3d 656, 660 (Mo. banc 2010) (quoting ***State v. Pond***, 131 S.W.3d 792, 794 (Mo. banc 2004)). In this type of analysis, it is the jury's role to determine the credibility of witnesses and to resolve conflicts in the testimony. ***Id.*** "The jury is permitted to draw such reasonable inferences from the evidence as the evidence will permit and may believe or disbelieve all, part, or none of the testimony of any witness." ***Id.*** (quoting ***State v. Hineman***, 14 S.W.3d 924, 927 (Mo. banc 1999)). "Doubts concerning whether to instruct on a lesser included offense should be resolved in favor of including the instruction, leaving it to the jury to decide." ***Id.*** (quoting ***State v. Derenzy***, 89 S.W.3d 472, 474-75 (Mo. banc 2002)).

Third-degree domestic assault is a lesser included offense of second-degree domestic assault. *See* ***State v. Hibler***, 5 S.W.3d 147, 151 (Mo. banc 1999) (holding third-degree assault is a lesser-included offense of second-degree assault). Furthermore, the State concedes there is evidence from which the jury could have acquitted Defendant of second-degree assault. Thus, the only issue remaining is whether there was evidence from which the jury could have found Defendant guilty of third-degree domestic assault.

Defendant's proposed instruction would have allowed the jury to find Defendant guilty of third-degree domestic assault under Section 565.073 which provides in pertinent part that "[a] person commits the crime of domestic assault in the third degree if the act involves a family or household member or an adult

5

who is or has been in a continuing social relationship of a romantic or intimate nature with the actor . . . and . . . [t]he person knowingly causes physical contact with such family or household member knowing the other person will regard the contact as offensive[.]" § 565.074.1(5).

In the present case, Victim's testimony and Officer Thompson's testimony supported an inference that Defendant did not attempt to cause physical injury but merely knowingly caused physical contact which he knew Victim would regard as offensive. Victim described an ongoing verbal confrontation between herself and Defendant. Victim explained that when Defendant put his hand on her throat Defendant was not trying to hurt her physically so much as emotionally. Officer Thompson described Victim's demeanor after the event by stating Victim "was mad[.]" Emotional pain and anger are feelings associated with being offended. Thus, the testimony of Victim and Officer Thompson, if believed, could support a finding that Defendant caused offensive physical contact. The trial court should have submitted an instruction regarding third-degree domestic assault.

When the trial court fails to submit an instruction that is supported by the evidence, reversal is required. **McNeal v. State**, 412 S.W.3d 886, 894 (Mo. banc 2013) ("Because prejudice is presumed on direct appeal, a new trial is required if the trial court refuses the defendant's properly requested lesser-included offense instruction."). Defendant's sole point is granted.

## **Decision**

The trial court's judgment is reversed, and the case is remanded for a new trial.

MARY W. SHEFFIELD, J. - OPINION AUTHOR

GARY W. LYNCH, J. - CONCURS

DON E. BURRELL, J. - CONCURS