GEORGE W. DRAPER III, Judge.
I respectfully dissent from the principal opinion in that I believe the trial court did not err in refusing to give the instruction for the lesser included offense of robbery in the second degree. All of the evidence at trial suggested that Denford Jackson (hereinafter, “Jackson”) carried and used a gun when he committed the robbery. There was no evidence supporting the instruction for second degree robbery. Accordingly, I would affirm the trial court’s judgment.
A trial court is “obligated to instruct the jury with respect to a particular included offense only if there is a basis in the evidence for acquitting the defendant of the immediately higher included offense and there is a basis in the evidence for convicting the defendant of that particular included offense.” Section 556.046.3, RSMo Supp.2002.[1] Reversal is mandated only when the failure to offer the instruction was prejudicial to the defendant. State v. Derenzy, 89 S.W.3d 472, 475 (Mo. banc 2002).
The principal opinion asserts that this Court found lesser included instructions were required to be given in State v. Pond, 131 S.W.3d 792 (Mo. banc 2004) and State v. Williams, 313 S.W.3d 656 (Mo. banc 2010). The principal opinion further directs that, henceforth, it is mandatory to give a lesser included instruction solely because a jury may choose not to believe the State’s evidence. I disagree and find the principal opinion’s rationale to be wanting.
In both Pond and Williams, there was evidence to support the lesser included instruction. In Pond, the defendant was charged with statutory sodomy in the first degree. Pond, 131 S.W.3d at 793. The victim testified at trial that the defendant “press[ed] in [her] private area between [her] legs with his fingers ...” and that the defendant put his fingers “in [her] body and it hurt.” Id. at 794. Yet, on cross-examination, the victim admitted that the first time she mentioned penetration was at trial; previously, she reported to her mother, cousin, and a police officer that the defendant had only touched her. Id.
This Court properly stated that a “defendant is entitled to an instruction on any theory the evidence establishes.” Id. (citing State v. Hibler, 5 S.W.3d 147, 150 (Mo. banc 1999)). Additionally, it is within the province of the jury to determine the credibility of the witnesses, resolve conflicting testimony, and weigh the evidence. Id. “A jury may accept part of a witness’s testimony, but disbelieve other parts. If the *423 evidence supports differing conclusions, the judge must instruct on each.” Id. (internal citations omitted).
There was conflicting testimony regarding the defendant’s actions in Pond. Hence, there was a basis in the evidence from which the jury reasonably could decide the defendant touched the victim rather than penetrated her. Id. The defendant was entitled to the lesser included instruction. Id. at 795.
Similarly, in Williams, the defendant was charged with robbery in the second degree by acting with another. Williams, 313 S.W.3d at 657. The defendant testified in his own defense at trial, denying the charge against him. Id. The defendant requested, and the trial court denied, the lesser included instruction of felony stealing. Id.
Again, this Court instructed that a “defendant is entitled to an instruction on any theory the evidence establishes.” Id. at 659 (quoting Pond, 131 S.W.3d at 794). This Court reiterated the fact that a jury may believe or disbelieve any of the evidence presented at trial. Id. at 660.
The evidence in Williams provided a basis for the jury to acquit him “of robbery in the second degree and convict him of felony stealing.” Id. The jury could have believed the defendant’s testimony and disbelieved another witness’ testimony. Id. The defendant was entitled to the lesser included instruction. Id.
In this case, the principal opinion overlooks the basic evidence presented at trial. The only evidence presented was that Jackson had a gun. The witnesses and victim testified they saw a gun. The police officer stated there was a gun. There was no contradictory evidence regarding the presence of a gun during the robbery. Moreover, there was no evidence that Jackson committed the robbery by any other method than the use of a dangerous instrument or deadly weapon. The only scintilla of information heard by the jury that could be latched onto and construed thereby that Jackson did not have a gun was a question by Jackson’s attorney, which is not evidence.
Jackson is entitled to a lesser included instruction “only if there is a basis in the evidence for acquitting the defendant of the immediately higher included offense and there is a basis in the evidence for convicting the defendant of that particular included offense.” Section 556.046.3. The jury is free to disbelieve all of the evidence presented by the State, which would acquit Jackson of the first-degree robbery. However, there was no basis in the evidence to support the instruction for the lesser included offense.
There was no conflicting testimony nor any contradictory evidence from which a jury could find Jackson guilty of robbery in the second degree. Moreover, there was no evidence that Jackson committed the robbery by any other method than the use of a dangerous instrument or deadly weapon. Further, the police detective who viewed the video surveillance and enlarged frames from the video stated that he saw a gun. The State was required only to prove that Jackson possessed what appeared to be a deadly weapon or dangerous instrument. Section 569.020, RSMo 2000 (emphasis ours).
“When there is no evidence indicating that the robbery was committed by some means other than the use of a deadly weapon or dangerous instrument, a lesser-included instruction is not required.” State v. Hand, 305 S.W.3d 476, 481 (Mo. App.S.D.2010); see also State v. Eoff, 193 S.W.3d 366, 373-74 (Mo.App.S.D.2006) and State v. Williams, 857 S.W.2d 530, 532-33 (Mo.App.S.D.1993). Should the jury not believe the State’s evidence, it should be *424 able to return a verdict of not guilty. Hence, the trial court did not err in refusing to submit the lesser included instruction requested by Jackson because there was no basis in the evidence to do so.[2] See section 556.046.3.
Further, by instructing that a trial court must give a lesser included instruction for the sole reason that the jury may disbelieve part of the State’s evidence, this Court has eviscerated the language of the statute. The primary rule of statutory construction is to ascertain the intent of the legislature from the plain language used in the statute. State v. Moore, 303 S.W.3d 515, 520 (Mo. banc 2010). “When interpreting a statute, this Court must give meaning to every word or phrase of the legislative enactment.” Id.
Section 556.046.3 provides that, for a lesser included instruction to be given, there must be a basis in the evidence to do so. In Pond and Williams, there was a basis in the evidence to provide the defendants with the lesser included offense instructions because there was conflicting testimony. In this case, all of the testimony indicated Jackson used a gun during the robbery; there was no conflicting evidence. This Court in essence adopts a mandatory rule requiring the giving of lesser included,offense instructions in every criminal case no matter what the evidence at trial demonstrated, thus, ignoring the plain language of the statute.
Accordingly, I believe the trial court did not err in refusing to submit an instruction for a lesser included offense when there was no evidence to support it. I would affirm the trial court’s judgment.

. All statutory references are to RSMo Supp. 2002 unless otherwise indicated.

. Since there was no evidence to support giving the lesser included instruction, there was no prejudice to Jackson in refusing to submit the instruction.