GEORGE W. DRAPER III, Judge.
I respectfully dissent from the principal opinion in that I believe the trial court did not err in refusing to give the instruction for the lesser included offense of possession of a controlled substance. All of the evidence at trial demonstrated that the amount of cocaine base in Bruce Pierce’s (hereinafter, “Pierce”) possession was more than two grams, thussupporting an instruction for second-degree trafficking, a class B felony. There was no evidence supporting the instruction for possession of a controlled substance. Accordingly, I would affirm the trial court’s judgment.
A trial court is “obligated to instruct the jury with respect to a particular included offense only if there is a basis in the evidence for acquitting the defendant of the immediately higher included offense and there is a basis in the evidence for convicting the defendant of that particular included offense.” Section 556.046.3, RSMo Supp.2002.[1] Reversal is mandated only when the failure to offer the instruction was prejudicial to the defendant. State v. Derenzy, 89 S.W.3d 472, 475 (Mo. banc 2002).
The principal opinion here, and in the companion case, State v. Jackson, 433 S.W.3d 390, 2014 WL 2861550 (Mo. banc 2014) (No. SC93108, decided June 24, 2014), asserts that from this point henceforth, the trial court no longer will determine whether there is sufficient evidence presented from which a lesser included instruction may be given, and the trial court must always instruct on any lesser included instruction. By mandating that a trial court must give a lesser included instruction for the sole reason that the jury may disbelieve part of the State’s evidence, this Court has eviscerated the language of section 556.046.3. Under the rationale advanced by the principal opinion, the jury need not have a basis in the evidence upon which to base its verdict.
In the underlying case, the evidence consistently and unequivocally demonstrated that Pierce possessed more than two grams of cocaine base. The principal opinion states the jury could have disbelieved the State’s evidence and found that the cocaine was less than two grams. However, the principal opinion disregards the evidence presented at trial, allowing the jury to infer that the drug base was less than two grams. The principal opinion grants the jury a roving commission from which to determine the degree of a defendant’s guilt.
Our courts are instructed statutorily as to when providing a lesser included instruction is appropriate. Section 556.046.3 provides, “The court shall be obligated to instruct the jury with respect to a particular included offense only if there is a basis in the evidence for acquitting the defendant of the immediately higher included offense and there is a basis in the evidence for convicting the defendant of that particular included offense.” (Emphasis added). The primary rule of statutory construction is to ascertain the intent of the legislature from the plain language used in the statute. State v. Moore, 303 S.W.3d 515, 520 (Mo. banc 2010). “When interpreting a statute, this Court must give meaning to *447 every word or phrase of the legislative enactment.” Id.
The principal opinion relies upon State v. Celis-Garcia, 344 S.W.3d 150 (Mo. banc 2011), State v. Williams, 313 S.W.3d 656 (Mo. banc 2010), and State v. Hineman, 14 S.W.3d 924, 927 (Mo. banc 1999) to support the proposition that the jury “is entitled to believe or disbelieve all or any part of the evidence before it.” However, each of these cases is distinguishable factually.
In Celis-Garcia, Maura Celis-Garcia (“Mother”) was found guilty of two counts of first-degree statutory sodomy against her children.[2] Mother asserted her constitutional right to a unanimous jury verdict was violated because the verdict directors failed to require the jury to agree on specific acts to find her guilty of a single count of statutory sodomy against each child. Celis-Garcia, 344 S.W.3d at 152.
At trial, both of the mother’s children testified, through videotaped depositions, as to the various acts of sodomy committed against them. Id. at 153. The State also presented the testimony of a forensic interviewer and a licensed social worker, both of whom interviewed the children and testified the children told them of an occasion When there was abuse occurring in the bathroom, but it was interrupted by the grandmother. Id. The grandmother also testified, denying she witnessed any inappropriate touching of the children. Id. The grandmother “testified that the children had a reputation for lying.” Id.
In holding Mother’s convictions for first-degree statutory sodomy should be reversed, this Court noted the fact that Mother “relied on evidentiary inconsistencies and factual improbabilities respecting each specific allegation of hand-to-genital contact makes it more likely that individual jurors convicted her on the basis of different acts.” Id. at 159. The Court also remarked that the jury was free to believe or disbelieve any of the conflicting witness testimony. Id. The Court then determined the submitted verdict directors misdirected the jury and her right to a unanimous jury verdict was violated. Id. at 160.
In Williams, the defendant was charged with second-degree robbery by acting with another. Williams, 313 S.W.3d at 657. The defendant testified in his own defense at trial, denying the charge against him. Id. The defendant requested, and the trial court denied, the lesser included instruction of felony stealing. Id.
This Court in Williams properly determined that a “defendant is entitled to an instruction on any theory the evidence establishes.” Id. at 659 (quoting State v. Pond, 131 S.W.3d 792, 794 (Mo. banc 2004)). Additionally, this Court reiterated the fact that a jury may believe or disbelieve any of the evidence presented at trial. Id. at 660. The evidence presented at trial in Williams provided a basis for the jury to acquit the defendant “of robbery in the second degree and convict him of felony stealing.” Id. The jury could have believed the defendant’s testimony and disbelieved another witness’ testimony. Id. The defendant was entitled to the lesser included instruction because there was a basis in the evidence for the instruction. Id.
Finally, in Hineman, Charles Hineman (“Father”) was convicted of one count of first-degree assault, section 565.050, RSMo 1994, and one count of child abuse, section 568.060, RSMo 1994. Hineman, 14 S.W.3d at 927. Father claimed the trial *448 court erred in failing to submit his proposed instruction for the lesser included offense of second-degree assault.
At trial, there was testimony that the type of injury the child received typically indicated child abuse. Id. at 926. Additionally, there were various explanations introduced into evidence as to how the child was injured and “expert testimony that injuries such as the injury in this case can be accidental.” Id. at 927. Testimony also supported several theories about Father’s mental state at the time of the injury. Id. at 926-27.
The difference between the two assault charges was Father’s mental state. Id. The evidence presented could support either a mental state of acting knowingly or acting recklessly. Id. This Court stated that it was within the jury’s province to make that inference based upon the evidence it heard at trial. Id. Accordingly, this Court stated, “If there is any doubt concerning the evidence, the trial court should resolve any doubts in favor of instructing on a lower degree of the crime, leaving it to the jury to decide which of two or more grades of an offense, if any, the defendant is guilty.” Id. Father was entitled to the lesser included instruction because there was evidence from which the jury could determine Father’s mental state.
While the principal opinion cites Celis-Garcia, Williams, and Hineman for the proposition that the jury is free to believe or disbelieve any evidence, there was a basis in the evidence in each of those cases from which the jury could make a determination. In contrast, there was no basis in the evidence in this case as required by section 556.046.8 to mandate the giving of the lesser included instruction. There was nothing in the record indicating Pierce possessed anything less than two grams of cocaine base. Therewas no evidence whatsoever to support the lesser included instruction. Should a jury simply not believe the evidence presented at trial, the jury does not need to convict a defendant because the State failed to make its case.
The legislature clearly stated that a lesser included offense may be given only when there is a basis in the evidence. Section 556.046.3. Disbelieving all consistent evidence presented at trial is not the same as having a basis in the evidence to support an instruction. The principal opinion’s conclusion to the contrary has ignored the plain language of the statute.
By mandating that a lesser included instruction is required in every case for the sole rationale that the jury may disbelieve the evidence presented, this Court opens floodgates of needless litigation and error.[3] This decision potentially will increase convictions wherein the jury decides that the defendant did not commit the crime for which he or she was charged, but did something, thereby, convicting the defendant on the lesser included offense that was mandated by this Court.
Accordingly, I believe the trial court did not err in refusing to submit an instruction for a lesser included offense when there *449 was no evidence to support it. I would affirm the trial court’s judgment.

. All statutory references are to RSMo Supp. 2002, unless otherwise indicated.

. This case does not address the applicability of a lesser included instruction. Rather, its analysis addressed whether the jury instructions required a unanimous jury verdict. Id. at 154-59.

. Given the principal opinion’s decision that it is prejudicial error for a lesser included instruction not to be given on the sole basis that the jury could disbelieve the evidence, this Court should rule on the retroactivity of this proposition and its habeas application before issuing any additional show cause orders to set execution dates for defendants awaiting imposition of the death penalty. See, e.g., State v. Barnett, 980 S.W.2d 297, 305-06 (Mo. banc 1998) (upholding a death sentence after the trial court failed to instruct on the lesser included offenses) and State v. Johnson, 284 S.W.3d 561, 575-76 (Mo. banc 2009) (upholding a death sentence and finding no error for failure to instruct on the lesser include offenses requested by the defendant).