Paul C. Wilson, Judge, dissenting.
*843 DISSENTING OPINION
The Court holds the motion court did not clearly err in finding appellate counsel was not ineffective for failing to argue that the trial court erred in denying Meiners' request for an involuntary manslaughter instruction because, at the time of Meiners' appeal, it would not have been apparent to a reasonably competent lawyer that the jury's right to disbelieve the evidence, in and of itself, entitled Meiners to this nested lesser-included offense instruction. I respectfully disagree.
At the time of Meiners' appeal, this Court had decided State v. Pond , 131 S.W.3d 792 (Mo. banc 2004) and State v. Williams , 313 S.W.3d 656 (Mo. banc 2010). In Williams , which was decided nearer in time to Meiners' appeal, the defendant was charged with second-degree robbery and requested an instruction on the nested lesser-included offense of felony stealing. The trial court denied the defendant's request. After the defendant was convicted, he appealed on the ground the trial court erred in refusing to give the instruction. This Court agreed and held the trial court should have given the instruction because there was a basis in the evidence for the jury to acquit the defendant of second-degree robbery and convict him of felony stealing, i.e., the jury's right to disbelieve the evidence and conclude the property was taken without force. See Williams , 313 S.W.3d at 660 ("The jurors could have ... disbelieved [the victim's] testimony about the use of physical force.").
Williams cites to Pond for the purpose of rejecting-again-the state's argument that the mere possibility the jury might disbelieve some of the evidence was not a sufficient basis in the evidence entitling the defendant to an instruction on the nested lesser-included offense of felony stealing. See id. at 661 ("Here, as in Pond , the State ... argues that a defendant is not entitled to a lesser-included offense instruction merely because a jury might disbelieve some of the State's evidence. In Pond , this Court rejected the State's argument....") (citation and quotation marks omitted).
In State v. Jackson , 433 S.W.3d 390, 399 (Mo. banc 2014), this Court rejected-for the third time-the state's argument that the jury's right to disbelieve the evidence and to refuse to draw needed inferences was not a sufficient basis in the evidence entitling a defendant to an instruction on a nested lesser-included offense. In doing so, the Court repeatedly explained it was merely following Pond and Williams and was not applying a new principle:
[T]he Court's holding acknowledges what most of the villagers already have seen[.] ... This is not a new holding but, because the state persists in insisting that [the jury's right to disbelieve the evidence and refuse to draw needed inferences is not a sufficient basis in the evidence], the Court here underscores its holdings in Pond and Williams .
Id. at 404 ; see also, e.g. , id. at 402 ("This holding was implied (at least) in Pond , and it was stated expressly in Williams ."). At the time of Meiners' appeal, therefore, it would have been apparent to a reasonably competent lawyer that it would be prudent to argue the trial court erred in denying Meiners' request for an involuntary manslaughter instruction because, as Pond and Williams made clear, the jury's right to disbelieve the evidence, in and of itself, entitled Meiners to this nested lesser-included offense instruction.
The state contends appellate counsel was not ineffective because Williams used the reasonable juror standard. To be sure, the concurring opinion in Jackson urged this reading of Williams , but a majority of this Court expressly rejected that reading *844 of Williams . Id. at 403 n.13 ("The basis for the holding in Williams is that the jury is entitled to believe all, part or none of the evidence, not that such belief or disbelief was (or was not) reasonable .") (emphasis added).[1] Accordingly, a reasonably competent attorney would have understood at the time of Meiners' appeal that the reasonable juror standard could no longer be used to justify denying a requested lesser-included offense instruction when the lesser offense was nested within the greater offense.
As noted in the principal opinion, some decisions in the court of appeals continued to apply the reasonable juror standard after Pond and Williams . Leaving aside the soundness of these decisions, a reasonably competent attorney would have consulted this Court's precedents in this field and-at least-noted they were inconsistent with the decisions in the court of appeals. See Mo. Const. art. V, § 2 (this Court's decisions are "controlling in all other courts"). Having noted these inconsistencies, a reasonably competent attorney would have challenged in Meiners' appeal the trial court's failure to give the requested instruction on involuntary manslaughter.
It makes no difference that neither Pond nor Williams explicitly overruled the reasonable juror standard. What matters is that both Pond and Williams refused to allow the reasonable juror standard to be used by the state to excuse the failure to give a requested instruction on a nested lesser offense. Jackson repeatedly noted Williams was decided on the ground that the jury's right to disbelieve the evidence, in and of itself, is a sufficient basis in the evidence entitling a defendant to a lesser-included offense instruction, rendering the reasonable juror standard irrelevant. See Jackson , 433 S.W.3d at 399, 402, 404 (citing Williams , 313 S.W.3d at 660 ). A reasonably competent attorney would have grasped this point at the time of Meiners' appeal.
Admittedly, Jackson was the first decision to use the phrase "nested lesser" in describing those included offenses that consist of a subset of the elements of the greater offense. But a rose by any other name is still a rose. This Court's pre- Jackson cases make clear that, at the time of Meiners' appeal, a reasonably competent attorney would have understood the idea captured by this phrase and, therefore, would have known Meiners could not commit second-degree murder without committing involuntary manslaughter. See, e.g., State v. Harris , 620 S.W.2d 349, 355 (Mo. banc 1981) ("[I]t is impossible to commit the greater [offense] without first committing the lesser"). Accordingly, a reasonably competent attorney would have known there was a basis in the evidence for the jury to acquit Meiners of second-degree murder and convict him of involuntary manslaughter-namely, the jury's right to disbelieve Meiners acted knowingly and to conclude that he instead acted recklessly.
At the end of the day, the notion that Jackson worked any change in the law is *845 entirely at odds with Jackson itself, which repeatedly explains it was merely following Pond and Williams and was not applying a new principle. See Jackson , 433 S.W.3d at 399, 402, 404. Moreover, it is at odds with McNeal v. State , 500 S.W.3d 841 (Mo. banc 2016), a post- Jackson case that implicitly rejected the notion that Jackson worked any change in the law. In McNeal , the defendant was convicted of second-degree burglary and sought post-conviction relief on the ground that trial counsel was ineffective for failing to request an instruction on the nested lesser-included offense of trespassing. Under Jackson , which was decided after the defendant's trial, the defendant would have been entitled to the instruction had the request been made. This Court affirmed the motion court's denial of the defendant's claim that trial counsel was ineffective for failing to request an instruction on a nested lesser-included offense. In affirming, however, the Court did not rely on the fact that the defendant's trial occurred before Jackson . Instead, the Court merely held it was not clearly erroneous to conclude counsel's failure to request the instruction was a matter of trial strategy rather than incompetence. McNeal , 500 S.W.3d at 844-45.
At the time of Meiners' appeal, Pond and Williams gave a reasonably competent attorney a sufficient basis to attack the trial court's refusal to give the requested involuntary manslaughter instruction in this case. Jackson did not create this argument; it merely confirmed it. Accordingly, I do not believe Meiners was given the effective assistance of counsel guaranteed to him by the constitutions of the United States and the State of Missouri. On that ground, I would reverse the judgment and grant his motion for post-conviction relief.

The motion court made a specific finding of fact that Meiners failed to prove he was prejudiced, and neither the principal opinion nor Judge Wilson's dissenting opinion suggest that finding is clearly erroneous.