LAURA DENVIR STITH, Judge.
I concur with the result the principal opinion reaches, but I disagree entirely with the principal opinion’s holding that a trial court always must submit a lesser included offense instruction if requested to do so by a party. The principal opinion intentionally leaves vague the source of that requirement. In places, it implies that this obligation is inherent in the right to jury trial, yet it never says that a court’s refusal to instruct down violates a defendant’s right to jury trial. It could not do so, for, as discussed in Section II below, the United States Supreme Court has made it clear that the right to jury trial does not bar the courts from limiting lesser included offense instructions to those that a reasonable juror could find supported by the evidence. Rather, the United States Supreme Court has said that submitting unsupported lesser included offenses invites arbitrary decision making and, therefore, itself invites due process scrutiny.
In other places, the principal opinion suggests that lesser included offense instructions are required by statute. Yet the governing Missouri statute, section 556.046.2, RSMo 2000,[1] provides exactly to the contrary, stating that a trial court is obligated to instruct down “only if there is a basis in the evidence for acquitting the defendant of the immediately higher included offense and there is a basis in the evidence for convicting the defendant of that particular included offense” (emphasis added). See also § 556.046.3, RSMo Supp. 2013. The principal opinion is in conflict with these statutory standards.
In yet other places, the principal opinion suggests its result necessarily follows from this Court’s prior recognition that a defendant need not put on affirmative evidence to support a request for a lesser included offense instruction. In so stating, the principal opinion simply ignores, and sub silencio overrules, key portions of the principal case it relies on, State v. Williams, 313 S.W.3d 656, 660 (Mo. banc 2010). Williams, while reaffirming that affirmative evidence is not required, also expressly reaffirms Missouri’s well-established standard that an instruction down is required only when “a reasonable juror could draw inferences from the evidence presented that an essential element of the greater offense has not been established.” Id. As discussed in detail below, this is also the standard followed by the United States Supreme Court and by 47 of our 49 fellow states. It is the standard this Court should continue to follow.
Not even defendant Denford Jackson asked this Court to reject its long-standing rule and hold that lesser included offense instructions must be submitted even if a reasonable juror could not find them to be supported. The principal opinion created an issue where there was none. It then nullified a statute and overruled this Court’s precedent without the benefit of argument or briefing. Principles of due process and separation of powers counsel against such activism.
I. A TRIAL COURT MAY SUBMIT A LESSER INCLUDED OFFENSE INSTRUCTION ONLY IF THERE IS A BASIS IN THE EVIDENCE SUPPORTING THAT INSTRUCTION
Section 556.046.2 specifies when a trial court must or must not instruct down. It provides in relevant part:
*411 The court shall not be obligated to charge the jury with respect to an included offense unless there is a basis for a verdict acquitting the defendant of the offense charged and convicting him of the included offense.
§ 556.046.2 (emphasis added). This Court repeatedly has held this means that, “[i]f a reasonable juror could draw inferences from the evidence presented that an essential element of the greater offense has not been established, the trial court should instruct down.” Williams, BIB S.W.3d at 660, quoting State v. Derenzy, 89 S.W.3d 472, 474 (Mo. banc 2002).
Contrary to this well-established understanding, the principal opinion here and the companion case State v. Pierce, 433 S.W.3d 424, 2014 WL 2866292 (Mo. banc 2014), hold that a court always must instruct down if requested. This holding undermines the trial court’s exclusive authority to declare the law and requires this Court to overrule more than 15 years of its own precedent and to nullify the effect of two validly enacted statutes.

A. The Trial Court’s Authority to Instruct the Jury

The principal opinion states that this is the result required by the rule that the jury has the right to believe or disbelieve all or any part of the evidence. To be sure, this Court long has held that a trial court must consider the jury’s ability to believe or disbelieve any and all evidence when the court determines whether there is a basis in the evidence for a reasonable jury to acquit the defendant of the charged offense and convict him of the lesser offense. See, e.g., Williams, 313 S.W.3d at 660. But the principal opinion improperly manipulates this truism to reach a conclusion never before reached by any other Missouri case — that the corollary of this rule is that, even if no reasonable juror could find that facts on which a lesser included offense instruction would be premised, the fact that “[a]ll decisions as to what evidence the jury must believe and what inferences the jury must draw are left to the jury” means that a lesser included offense instruction must be given in every case if requested.
The principal opinion is unable to cite any direct authority for this, as no case has ever so held, and for good reason. Its logic confuses questions of law with questions of fact. The jury’s right to find facts cannot shape the trial court’s declaration of law. Indeed, it is fundamental to our criminal law system that the court’s function is to declare the law and the jury’s function is to apply the law. United States v. Gaudin, 515 U.S. 506, 513, 115 S.Ct. 2310, 132 L.Ed.2d 444 (1995); Spar/ v. United States, 156 U.S. 51, 102, 15 S.Ct. 273, 39 L.Ed. 343 (1895).
As the United States Supreme Court notes in Sparf “It is true, the jury may disregard the instructions of the court, and in some cases there may be no remedy. But it is still the right of the court to instruct the jury on the law, and the duty of the jury to obey the instructions.” 156 U.S. at 72, 15 S.Ct. 273 (emphasis added). In other words, the jury’s function and the court’s function are different; that the jury has the power to disregard the law does not deprive the court of its fundamental authority to declare and instruct on the law.
By mandating courts instruct the jury on a lesser included offense whenever a party so requests, the principal opinion effectively strips courts of their authority to declare the law in these circumstances. This is wrong, for “the judge always has the right and duty to tell [the jury] what the law is upon this or that state of facts.” Homing v. District of Columbia, 254 U.S. 135, 138, 41 S.Ct. 53, 65 L.Ed. 185 (1920), *412 abrogated on other grounds as recognized by Gaudin, 515 U.S. at 520,115 S.Ct. 2310.
Exercising this authority, the Supreme Court holds that an “independent prerequisite for a lesser included offense instruction [is] that the evidence at trial must be such that a jury could rationally find the defendant guilty of the lesser offense, yet acquit him of the greater.” Schmuck v. United States, 489 U.S. 705, 720 n. 8, 109 S.Ct. 1443, 103 L.Ed.2d 734 (1989); see also Keeble v. United States, 412 U.S. 205, 208, 93 S.Ct. 1993, 36 L.Ed.2d 844 (1973) (“[T]he defendant is entitled to an instruction on a lesser included offense if the evidence would permit a jury rationally to find him guilty of the lesser offense and acquit him of the greater”).
For this reason, the Supreme Court expressly has disapproved of state laws that require a trial court to instruct down when there “is not a scintilla of evidence to support the‘lesser verdicts.” Roberts v. Louisiana, 428 U.S. 325, 334, 96 S.Ct. 3001, 49 L.Ed.2d 974 (1976) (plurality opinion). The Supreme Court also admonishes that “[a] lesser included offense instruction is only proper where the charged greater offense requires the jury to find a disputed factual element which is not required for a conviction of the lesser-included offense.” Sansone v. United States, 380 U.S. 343, 349-50, 85 S.Ct. 1004, 13 L.Ed.2d 882 (1965). Not surprisingly, in light of this wealth of Supreme Court cases, every state except Iowa and Florida requires a basis in the evidence for a court to be obligated to instruct down. See infra, Section 1(D).
Nonetheless, without a supporting citation, the principal opinion states that a trial court’s refusal to instruct down where a party has so requested amounts to im-permissibly directing a verdict against the defendant. From this, the principal opinion concludes that, by refusing to instruct down, a trial court violates the defendant’s right to have his guilt determined by a jury. It does so even though the United States Supreme Court expressly rejected this argument in Sparf 156 U.S. at 102-03, 105-07, 15 S.Ct. 273. Sparf recognized a trial court’s authority to decide as a matter of law whether to instruct down and held that the trial court did not err in refusing a request to instruct down. Relying on Sparf, at least two other states directly have rejected the argument that a court’s refusal to instruct down constitutes a directed verdict. People v. Prince, 40 Cal.4th 1179, 1269-70, 57 Cal.Rptr.3d 543, 156 P.3d 1015 (Cal.2007); Hartley v. State, 653 P.2d 1052, 1055 (Alaska App.1982).
The principal opinion’s mistake results from its misunderstanding of the import of the admonition in Williams, State v. Pond, 131 S.W.3d 792 (Mo. banc 2004), and other eases that the jury can believe or disbelieve any and all evidence. Of course it can. But, just as it is the jury’s role to decide what it believes, it is still the judge’s duty to decide what instructions to give based on which instructions are supported by the evidence. In so determining, there need not be affirmative evidence to support a proposition necessary to acquit of the greater and convict of the lesser offenses-. Neither, however, must a court submit issues untied to the evidence in the case or based on the jury’s admitted ability to engage in “jury nullification”— that is, to acquit arbitrarily. The admonition that “[t]he jury is permitted to draw such reasonable inferences from the evidence as the evidence will permit and may believe or disbelieve all, part, or -none of the testimony of any witness” is part of the test that the trial court must consider when assessing the reasonable inferences the evidence supports. See, e.g., State v. Hineman, 14 S.W.3d 924, 927-28 (Mo. banc 1999) (invoking this rule when evalu *413 ating reasonable inferences from the evidence). It permits the court to make a more nuanced assessment of what a reasonable juror could or could not infer by recognizing that “[a] jury may accept part of a witness’s testimony, but disbelieve other parts.” Williams, 813 S.W.3d at 660,. quoting Pond, 131 S.W.3d at 794. This allows a court to instruct down in situations such as when the state’s witness testifies to one set of facts that supports conviction of the charged offense and the defense’s witness testifies to a different set of facts that supports acquittal of the charged offense. But the judge still must determine what offenses the evidence supports, for, as Sparf states, “If the jury were to be made judges of the law as well as of fact, parties would be always liable to suffer from an arbitrary decision.” 156 U.S. at 96, 15 S.Ct. 273. • Consequently, “The lesser-included offense charge is not required simply because the jury could exercise its power of acquitting on the greater charge for no reason at all.” United States v. Tsanas, 572 F.2d 340, 343 (2d Cir.1978).
In Pond, for example, this Court reversed the trial court’s refusal to instruct on the lesser offense of child molestation where the defendant was charged with statutory sodomy. 131 S.W.3d at 793. At trial, the victim testified that the defendant penetrated her, but on cross-examination, her testimony indicated the defendant inappropriately, touched her but did not penetrate her. Id. at 794. This Court concluded that the trial court should have submitted the lesser offense because “the jury could have found touching, and not penetration. The jury could have believed part of the victim’s testimony, that defendant touched her, and disbelieved that defendant penetrated her.” Id. (internal quotation omitted). Because the Court could account for the jury’s ability to believe part of the victim’s testimony on direct examination as well as her testimony on cross, it was able to reach this holding and instruct that the trial court should have submitted the lesser included offense.
It is its confusion of the roles of the court and the jury that leads the principal opinion to reach its unprecedented holding in the face of authority from the United States Supreme Court and nearly every state court. Because the language that the jury always can believe or disbelieve any and all evidence pertains to the trial court’s evaluation of whether evidence supports, instructing down, not the jury’s right to find facts, it does not invoke the rule the principal opinion cites that “evidence never proves or disproves any element until the jury says so.” Accordingly, a trial court’s authority to refuse to instruct down does not impinge on the defendant’s right to trial by jury.[2] This unsupported leap is *414 not the principal opinion’s lone misstep, however, as the principal opinion’s holding also defies Missouri’s statutory and common law.

B. Missouri Statutes Require Trial Courts to Instruct Down Only When There Is a Basis in the Evidence to Do So

Section 556.046.2 provides in relevant part:
The court shall not be obligated to charge the jury with respect to an included offense unless there is a basis for a verdict acquitting the defendant of the offense charged and convicting him of the included offense.
§ 556.046.2 (emphasis added). The legislature amended section 556.046 in 2001 to include subsection (3). It states:
The court shall be obligated to instruct the jury with respect to a particular included offense only if there is a basis in the evidence for acquitting the defendant of the immediately higher included offense and there is a basis in the evidence for convicting the defendant of that particular included offense.
§ 556.046.8, RSMo Supp.2013 (emphasis added).
The principal opinion correctly states that these statutes mean that a trial court is obligated to instruct down when the following requirements are met:
a. a party timely requests the instruction;
b. there is a basis in the evidence for acquitting the defendant of the charged offense; and
c.there is a basis in the evidence for convicting the defendant of the lesser included offense for which the instruction is requested.
The principal opinion then goes on to conclude that because the jury can believe any and all evidence, there is always a basis in the evidence, so these requirements always are satisfied if a timely request is made. This interpretation guts sections 556.046.2 and 556.046.3 of their express requirements that a trial court is obligated to instruct down only in limited circumstances. The principal opinion’s reasoning renders the requirement that there be a basis in the evidence mere surplusage, thereby nullifying it and overruling an entire line of case law giving meaning to this statutory requirement. See, e.g., Williams, 313 S.W.3d at 660 (holding that “the evidence provided a basis for the jury to acquit [the defendant] of robbery in the second degree and convict him of felony stealing.”).[3] Moreover, in writing this express requirement out of existence, the principal opinion transgresses well-established rules of statutory construction and separation of powers, which require that courts avoid interpreting statutes in a way that renders their language meaningless or unreasonable. See Am. Fed’n of Teachers v. Ledbetter, 387 S.W.3d 360, 363 (Mo. banc 2012). This is precisely what the principal opinion has done in interpreting the statutory requirement as always being satisfied when the statute expressly states that it is satisfied only under certain conditions.
This Court repeatedly has identified the proper approach to construing a statute. “In determining legislative intent, this *415 Court [should consider] the language of the statute and words employed in their plain and ordinary meaning.” Finnegan v. Old Republic Title Co. of St. Louis, Inc., 246 S.W.3d 928, 930 (Mo. banc 2008); accord Goerlitz v. City of Maryville, 333 S.W.3d 450, 455 (Mo. banc 2011), quoting Parktoum Imports, Inc. v. Audi of America, Inc., 278 S.W.3d 670, 672 (Mo. banc 2009). “Where the language is clear and unambiguous, there is no room for construction.” Hyde Park Hous. Partnership v. Dir. of Revenue, 850 S.W.2d 82, 84 (Mo. banc 1993). “It is presumed that the legislature intended that every word, clause, sentence, and provision of a statute have effect.” Turner v. Sch. Disk of Clayton, 318 S.W.3d 660, 673 (Mo. banc 2010) (Breckenridge, J., concurring).
Applying these principles here, there is no room for statutory construction. The plain meaning of sections 556.046.2 and 556.046.3 is indisputable: a trial court is required to instruct down only when there is a basis in the evidence for so doing. And, as discussed above in subsection A, the rule that a jury may believe or disbelieve any and all evidence does not mean there is always a basis in the evidence to support the trial court’s determination that the jury reasonably could acquit the defendant of the charged offense and convict him of the lesser offense.
The practical consequences of the principal opinion’s new rule highlight its incompatibility with the plain meaning of section 556.046. Take, for example, a situation in which the defendant is charged with armed robbery, and the evidence, including a surveillance video, indisputably shows that the robber carried a large firearm when he committed the robbery. The defendant denies that he was the person who committed the robbery but does not contest that the robber used a firearm. He requests a lesser included instruction on unarmed robbery.
As this Court’s traditional interpretation of section 556.046.2 entitles a party to a lesser included offense instruction only if there is a basis for a verdict (1) acquitting the defendant of the charged offense and (2) convicting him of the lesser offense, the trial court would not be required to instruct down because there is no basis to convict the defendant of unarmed robbery. That is because there is no dispute that an armed robbery occurred; the only dispute is whether the defendant was the robber. Consequently, there may be a basis to acquit the defendant of the greater offense, but, if so, there can be no basis to convict him of the lesser offense: he either is guilty of armed robbery or innocent of any crime. Indeed, this Court and the court of appeals have reached this same conclusion under parallel circumstances. See, e.g., State v. Amerson, 518 S.W.2d 29, 33 (Mo.1975) (holding the trial court properly refused to instruct on second-degree murder when the crime was either “a coldblooded and wholly unprovoked murder” or “the accused was guilty of no crime at all” because another committed the act).[4] This is the result that a plain meaning interpretation of sections 556.046.2 and 556.046.3 requires. Yet, under the principal opinion’s holding, a trial court nonetheless would be required to instruct the jury-on unarmed robbery.
This is precisely the arbitrary decision-making the United States Supreme Court sought to avoid when it approved a trial court’s refusal to instruct down in Sparf, 156 U.S. at 63-64, 102-03, 15 S.Ct. 273. *416 As explained by Professor Wayne LaFave, for the trial court to give such a charge under those circumstances “is inappropriately to invite the jury to exercise a degree of mercy by finding defendant guilty of a lesser crime, when the proof truly justified conviction as charged.” 6 Wayne LaFave, Criminal Procedure § 21p.8(j), 503 (3d ed.2007). Similarly, the Supreme Court long has held that “it is clearly error in a court to charge the jury upon a supposed or conjectural state of facts, of which no evidence has been offered.” United States v. Breitling, 61 U.S. 252, 254, 20 How. 252, 15 L.Ed. 900 (1857); Quercia v. United States, 289 U.S. 466, 470, 58 S.Ct. 698, 77 L.Ed. 1821 (1933) (additional citation omitted). Indeed, “due process requires that a lesser included offense instruction be given only when the evidence warrants such an instruction.” Hopper v. Evans, 456 U.S. 605, 611, 102 S.Ct. 2049, 72 L.Ed.2d 367 (1982) (emphasis original).
By their terms, therefore, sections 556.046.2 and 556.046.3 provide that a trial court need not instruct down unless there is a basis in the evidence.

C. Prior Missouri Cases Require a Trial Court to Instruct Down Only When There Is a Basis in the Evidence to Do So

The principal opinion justifies its holding by stating it is required by prior case law. The principal opinion claims that it is merely reaffirming the holdings of cases like Williams and Pond. Williams, the primary authority on which the principal opinion relies, is the latest in the line of this Court’s lesser included offense instruction cases. And, like its predecessors, Williams does not state that a court must instruct down whenever so requested. To the contrary, it reaffirms the well-established rule that a party’s entitlement to a lesser included offense instruction under section 556.046.2 is determined by whether “a reasonable juror could draw inferences from the evidence presented that an essential element of the greater offense has not been established.” 313 S.W.3d at 660 (emphasis added). Had Williams adopted the rule espoused by the principal opinion that a party always is entitled to a lesser included offense instruction, it would not have gone on to analyze the evidence and base its holding on its conclusion that “the evidence provided a basis for the jury to acquit [the defendant] of robbery in the second degree and convict him of felony stealing.” Nowhere does Williams hold that a court always must instruct down if a party so requests. That just is not Missouri law.
Rather, this Court long has held that, when determining “whether there is a basis to acquit of the offense charged and convict of the included offense, the trial court looks at the evidence.” State v. Hibler, 5 S.W.3d 147, 150 (Mo. banc 1999). And, “for there to be a basis for an acquittal of the greater offense, there must be some evidence that an essential element of the greater offense is lacking and the element that is lacking must be the basis for acquittal of the greater offense and the conviction of the lesser.” Pond, 131 S.W.3d at 794 (emphasis added). In other words, the differential element must be in dispute for a trial court to be obligated to instruct down. See id.; see also Sansone, 380 U.S. at 349-50, 85 S.Ct. 1004.
The principal opinion also erroneously asserts that Williams “wisely rejected” an approach taken by prior opinions “that purport to decide what instructions to give based on what the court thinks a reasonable jury can and cannot refuse to believe.” (Op. at 399 n. 9). To repeat, Williams states: “If a reasonable juror could draw inferences from the evidence presented that an essential element of the greater offense has not been established, *417 the trial court should instruct down.” 313 S.W.3d at 660. The inaccuracy of the principal opinion’s characterization of Williams is self-evident. Just as Williams does not hold that a party always is entitled to an instruction down if it requests one, neither does it abandon the reasonable juror standard for determining when an instruction down is — and is not — warranted.
In fact, the reasonable juror standard is a cornerstone of this Court’s lesser included offense instruction law. See, e.g., Pond, 131 S.W.3d at 794 (holding that the defendant was entitled to a lesser included offense when discrepancies in the victim’s statements to witnesses and her testimony at trial could have led a “reasonable jury [to] find the prior statements more believable”); Derenzy, 89 S.W.3d at 474 (“If a reasonable juror could draw inferences from the evidence presented that an essential element of the greater offense has not been established, the trial court should instruct down”); State v. Beeler, 12 S.W.3d 294, 300 (Mo. banc 2000) (“[W]here the facts are such that no rational factfinder could conclude the defendant acted without deliberation, no second degree murder instruction is required”); Hineman, 14 S.W.3d at 927 (same), Hibler, 5 S.W.3d at 148 (“A reasonable jury could have believed that appellant did not attempt to kill the victim.... Therefore, there was a basis for acquitting appellant of first degree assault”); State v. Yacub, 976 S.W.2d 452, 453 (Mo. banc 1998) (applying rational juror standard); Santillan, 948 S.W.2d at 576 (“If a reasonable juror could draw inferences from the evidence presented that an essential element of the greater offense has not been established, the trial court should instruct down”); Mease, 842 S.W.2d 98, 112 (approving the trial court’s refusal to instruct down in first-degree murder case when “the only reasonable conclusion” was that the defendant deliberately murdered the victim).
Despite its suggestions to the contrary, the principal opinions in this case and in State v. Pierce are the first to question the use of the reasonable juror standard. Each of the cases listed above holds that an evidentiary basis for acquittal of the charged offense and conviction of the lesser offense is a predicate requirement to instructing down. And the reasonable juror standard defines whether that basis is sufficiently established. To remove the reasonable juror standard from the analysis of whether a court properly refused to instruct down requires overruling Williams and each of these cases, which invokes stare decisis.
As this Court repeatedly has emphasized, “a decision of this Court should not be lightly overruled.” Eighty Hundred Clayton Corp. v. Dir. of Revenue, 111 S.W.3d 409, 411 n. 3 (Mo. banc 2003). Stare decisis “promotes stability in the law by encouraging courts to adhere to precedents.” State v. Honeycutt, 421 S.W.3d 410, 422 (Mo. banc 2013), quoting Med. Shoppe Int% Inc. v. Dir. of Revenue, 156 S.W.3d 333, 334-35 (Mo. banc 2005). Moreover, “stare decisis is most essential regarding prior statutory interpretations because it is there that the rule of law and respect for the separation of powers meet.” Templemire v. W & M Welding, Inc., 433 S.W.3d 371, 2014 WL 1464574 (Mo. banc 2014) (Fischer, J., dissenting).
When, as in Templemire, the prior interpretation of the statute was inconsistent with the plain meaning of the statute, the rules of construction required this Court to overrule its prior precedent, which improperly added words to the statute by judicial fiat rather than by legislative enactment. But here, the principal opinion’s departure from this Court’s previous interpretation of sections 556.046.2 and 556.046.3 without any directly supporting authority is pre *418 cisely the type of action stare decisis is designed to restrain.

D. Other Courts and Authorities Also Require a Basis in the Evidence from Which a Rational Juror Could Acquit the Defendant of the Charged Offense and Convict Him of the Lesser Offense

Review of federal and state law across the United States shows that the principal opinion’s analysis deviates from the law applied by the United States Supreme Court, federal courts, and nearly every state court. Missouri’s statutory requirement under sections 556.046.2 and 556.046.8 of a basis for a verdict acquitting the defendant of the greater offense and convicting him of the lesser is consistent with that taken by the United States Supreme Court, the vast majority of other states, and the Model Penal Code. As discussed in subsection A above, the United States Supreme Court holds that: “[T]he defendant is entitled to an instruction on a lesser included offense if the evidence would permit a jury rationally to find him guilty of the lesser offense and acquit him of the greater.” Keeble, 412 U.S. at 208, 93 S.Ct. 1993. This means that a trial court must determine, as a threshold matter, whether there is a factual dispute as to the presence of the fact that distinguishes the greater and lesser offenses. As the Supreme Court stated in Sansone, 380 U.S. at 349-50, 85 S.Ct. 1004, “[a] lesser included offense instruction is only proper where the charged greater offense requires the jury to find a disputed factual element which is not required for a conviction of the lesser-included offense.” This is a logical corollary — indeed, it is the heart — of the requirement that there be a basis in the evidence to acquit the defendant of the greater offense and convict him of the lesser. If there is no dispute as to the fact that differentiates the greater or lesser offenses, then a lesser included offense instruction should not be given because the factual issues to be resolved would be the same for both crimes, so there would be no additional issue for the jury’s consideration that would require a separate instruction. Id; Berra v. United States, 351 U.S. 131, 134-35, 76 S.Ct. 685, 100 L.Ed. 1013, (1956), superseded by statute on other grounds as recognized by Sansone, 380 U.S. at 348^9, 85 S.Ct. 1004.[5]
Turning to the law of our sister states, as the Supreme Court noted in Beck v. Alabama, 447 U.S. 625, 636 n. 12,100 S.Ct. 2382, 65 L.Ed.2d 392 (1980), most state courts also “agree that [a lesser included offense] must be given when supported by the evidence.” Courts may vary as to whether that basis must consist of affirmative evidence or whether, as in Missouri, mere inference or impeachment of credibility is sufficient to raise .a factual issue. But, if the evidence does not raise a question as to the existence of the determinative fact, then, these cases say, there is no basis in the evidence for a rational juror to acquit of the greater and convict of the lesser.
Numerous states, like Wisconsin, follow the same approach Missouri traditionally has and do not require affirmative evidence to support an instruction down. For instance, the Wisconsin Supreme Court *419 held in State v. Sarabia, 118 Wis.2d 655, 348 N.W.2d 527, 531 (1984), that there need not be affirmative evidence for a court to be required to instruct down. It is enough, it explained, that there is “some evidence of a lesser offense even though this depends on an inference of a state of facts that is ascertained by believing defendant as to part of his testimony and prosecution -witnesses on the other points in dispute.” Id., quoting Belton v. United States, 382 F.2d 150, 155 (D.C.Cir.1967). Still, Wisconsin requires some basis in the evidence from which a rational juror could acquit of the greater offense and convict of the lesser. Id. The same is true in other states that follow Missouri’s approach.[6]
Of course, states requiring affirmative evidence also require a basis in the evidence to support submission of a lesser included offense instruction. See, e.g., State v. Femandez-Medina, 141 Wash.2d 448, 6 P.3d 1150, 1154 (2000).[7] Indeed, so far as research has shown, all jurisdictions except Iowa and Florida, which are discussed below, require some support in the evidence for a court to be obligated to instruct down.[8]
Likewise, the Model Penal Code requires more than the mere fact that one offense is included nominally in another to warrant instructing down. It looks to the evidence, not to theory, to determine when to instruct down, stating: “The Court shall not be obligated to charge the jury with respect to an included offense unless there is a rational basis for a verdict acquitting the defendant of the offense charged and convicting him of the included offense.” M.P.C. § 1.07(5). And our cases have held that the Model Penal Code’s intent accords with the language of section 556.046. Hibler, 5 S.W.3d at 150 (“The key language of Missouri’s section 556.046 tracks section 1.07(4)-(5) of the Model Penal Code”).
The only two states that go to the extreme advocated by the principal opinion are Iowa and Florida. Iowa appears to be *420 the lone state that requires the submission of a lesser included offense instruction in all circumstances without considering whether there is a basis in the evidence for acquitting of the greater offense but convicting of the lesser offense.
Iowa adopted this automatic instruction rule in State v. Jeffries, 430 N.W.2d 728, 737 (Iowa 1988), based on its belief that, if the evidence is sufficient to convict on the charged offense, then it is necessarily sufficient to convict on any lesser included offense.[9] In support, Iowa cited decisions in Arkansas, Connecticut, Louisiana and Michigan. Id. at 733. Notably, each of these jurisdictions since has abandoned its automatic submission rule and now limits instruction on lesser included offenses to cases in which the evidence provides a basis for acquitting of the greater offense and convicting of. the lesser. Atkinson, 64 S.W.3d at 268; Tomlin, 835 A.2d at 27; Cornell, 646 N.W.2d at 130; State v. Johnson, 823 So.2d 917, 923 (La.2002); La.Code CR. Pro. art. 814(A),(C).
Iowa’s approach is inconsistent with the requirement of the many cases discussed above (and formerly of Missouri) that the court must determine that a basis in the evidence exists to acquit of the greater offense but convict of the lesser. For this reason, states refer to an approach like Iowa’s only to expressly reject it. See, e.g., Sarnbia, 348 N.W.2d at 531; Wilkins, 415 N.E.2d at 307. In Wilkins, the Ohio Supreme Court describes the negative consequences of automatically requiring a court to instruct on a lesser included offense:
[J]uries [are] not to be presented with compromise offenses which could not possibly be sustained by the adduced facts. Such unreasonable compromises are detrimental to both the state and the defendant. These compromises allow juries to lessen punishment at their unlimited discretion, even when they find the defendant guilty of the greater offense beyond a reasonable doubt. Further, they can allow juries to convict a defendant of a crime of which he is not guilty beyond a reasonable doubt with a clearer conscience than if only the greater offense were charged.
Wilkins, 415 N.E.2d at 307.
Even the United States Supreme Court implicitly has rejected a rule that automatically requires a trial court to instruct down’, stating in Sansone that a lesser included offense instruction “is only proper where the charged greater offense requires the jury to find a disputed factual element which is not required for conviction of the lesser-included offense.” 380 U.S. at 349-50, 85 S.Ct. 1004 (emphasis added). This is because an approach allowing submission without evidence is inconsistent with the United States Supreme Court’s rule, discussed earlier, requiring a basis in the evidence for a lesser included instruction to be warranted and precludes instruction in cases where no evidence supports it. See Keeble, 412 U.S. at 208, 93 S.Ct. 1993.
Florida also automatically requires submission of lesser included offense instructions for certain offenses. Its rule is based on Florida Rule of Criminal Procedure 3.510(b), which requires a trial court *421 always to instruct down on a lesser offense that is a “necessarily included offense,” that is, an offense that always is included in the greater offense. State v. Wimberly, 498 So.2d 929, 932 (Fla.1986). Instruction on other lesser offenses that may be, but are not necessarily, included in the greater offense, such as attempts and crimes divided into degrees, must be supported by evidence, however. Id. at 931-32. Accordingly, Florida’s rule is based on specific Florida law and only requires automatic submission for certain lesser included offenses.
As is evident, this Court’s traditional requirement that there be a basis in the evidence from which a rational juror could acquit on the greater offense and convict on the lesser is consistent with the law of the United States Supreme Court and nearly every other state court.

II. APPLICATION OF THIS STANDARD TO MR. JACKSON

Applying Missouri’s traditional lesser included offense law to Mr. Jackson, the first-degree robbery statute required the State to prove that Mr. Jackson robbed the victim while displaying or threatening the use of what appeared to be a deadly weapon.[10] If the jury did not believe that Mr. Jackson used what appeared to be a weapon, then it would find him guilty only of the lesser included offense of second-degree robbery.
The State presented more than enough evidence to convict on first-degree robbery. The victim testified that Mr. Jackson was the culprit, that he put something to her back and forced her to take money from the cash register and give it to him, that she looked and saw it was a gun -with a silver barrel, and that she knew it was a revolver. There was a video showing the robber putting his hand containing what appeared to be a dark object against the victim’s back and forcing her to give him money from the register, and the detective who testified said it was a gun.
But, to be entitled to a lesser included offense, Mr. Jackson only had to raise some question as to whether the object appeared to be a weapon, through affirmative evidence, impeachment, challenges to the State’s evidence, or otherwise creating doubt, directly or by inference. All inferences from the evidence will be resolved in favor of giving the instruction.
The standard for requiring a lesser included offense instruction was met here. On cross-examination, the detective agreed that it was “possible” that the object shown being pressed against the victim’s back could have appeared to be a gun but was really a cell phone. He also said it was dark, and the video showed a dark object being held by the robber, which is inconsistent with the victim’s description. Of course, the greater offense required proof only that defendant appeared to have a gun. But two customers also testified that while they saw the victim and defendant standing together at the cash register, they did not see a gun and did not realize it was a robbery, and no gun was found at defendant’s home when it was searched. Finally, due to a malfunction in the recording equipment, the last part of the victim’s direct examination and her entire cross-examination were not recorded. It is impossible, therefore, to know whether the questions not recorded would have affected the credibility of the victim’s testimony as to whether she saw *422 what appeared to be a gun. And, in closing argument, defense counsel argued that the victim was mistaken and that the inconsistencies in the testimony of the various witnesses did not support a finding of armed robbery.
I agree with the principal opinion that the trial court should have instructed the jury on the lesser included offense of second-degree robbery. There was a basis in the evidence from which a reasonable juror could find that Mr. Jackson committed the robbery but did not have a gun or what appeared to be a gun. Accordingly, a reasonable juror could acquit Mr. Jackson of the greater offense and convict him of the lesser offense.
For these reasons, I agree with the principal opinion that the conviction should be reversed and the case remanded for a new trial but apply a different standard — the one always applied by Missouri until today — in so determining.

. All statutory references are to RSMo 2000 unless otherwise noted.

. An analogy to cases discussing a court’s review of the sufficiency of the evidence may prove helpful. A sufficiency of the evidence analysis requires a court to determine "whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt.” Jackson v. Virginia, 443 U.S. 307, 318, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). In Jackson, the Supreme Court holds that, in determining the sufficiency of the evidence, "The relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.” Id. at 319, 99 S.Ct. 2781 (emphasis added). The "rational trier of fact” standard, Jackson explains, is permissible because it "impinges upon 'jury' discretion only to the extent necessary to guarantee the fundamental protection of due process of law.” That is, a court’s authority when reviewing the sufficiency of the evidence to determine what fact a jury can and cannot find based on the reasonable juror standard does not impermis-sibly infringe on the jury's ability to believe or disbelieve any or all of the evidénce.

. See also, e.g., Pond, 131 S.W.3d at 794 ("In order for there to be a basis for an acquittal of the greater offense, there must be some evidence that an essential element of the greater offense is lacking and the element that is lacking must be the basis for acquittal of the greater offense and the conviction of the lesser.”); State v. Santillan, 948 S.W.2d 574, 576 (Mo. banc 1997) ("If a reasonable juror could draw inferences from the evidence presented that the defendant did not deliberate, the trial court should instruct down.”).

. This Court reached the same conclusion on similar circumstances in State v. Mease, 842 S.W.2d 98, 112 (Mo. banc 1992). See also State v. Lowe, 318 S.W.3d 812, 822 (Mo.App. 2010).

. State high courts also have imposed this requirement. See, e.g., State v. Jones, 289 Conn. 742, 961 A.2d 322, 332 (2008) ("A defendant is entitled to an instruction on a lesser offense if ... the following conditions are met ... (4) the proof on the elements or elements which differentiate the lesser offense from the offense charged is sufficiently in dispute to permit the jury consistently to find the defendant not guilty of the greater offence but guilty of the lesser." (additional quotation omitted)); People v. Cornell, 466 Mich. 335, 646 N.W.2d 127, 139 (2002) (to same effect).

. See, e.g., Commonwealth v. Porro, 458 Mass. 526, 939 N.E.2d 1157, 1167 (2010) ("Where there is no evidence to justify a lesser included instruction ... we have concluded that it is reversible error to allow the jury to convict the defendant of the lesser charge.”); State v. Keller, 695 N.W.2d 703, 716 (N.D.2005); People v. Van Norstrand, 85 N.Y.2d 131, 623 N.Y.S.2d 767, 647 N.E.2d 1275, 1278 (1995) ("Our inquiry is ... whether, under any reasonable view of the evidence, it is possible for the trier of facts to acquit defendant on the higher count and still find him guilty of the lesser one.”); Perry v. Commonwealth, 839 S.W.2d 268, 273 (Ky.1992).

. See also State v. Wall, 212 Ariz. 1, 126 P.3d 148, 151 (2006); State v. Tomlin, 266 Conn. 608, 835 A.2d 12, 27 (2003); State v. Dahlin, 695 N.W.2d 588, 595-97 (Minn.2005); State v. Brent, 137 N.J. 107, 644 A.2d 583, 588 (1994); State v. Tamburano, 201 Neb. 703, 271 N.W.2d 472, 475 (1978); Bignallv. State, 887 S.W.2d 21, 24 (Tex.Crim.App.1994).

. See, e.g. Ex parte Smith, 756 So.2d 957, 963 (Ala.2000) ("A defendant is entitled to a charge on a lesser-included offense only if there is any reasonable theory from the evidence to support the charge"); Wall, 126 P.3d at 151 (Arizona); Atkinson v. State, 347 Ark. 336, 64 S.W.3d 259, 268 (2002); People v. Hughes, 27 Cal.4th 287, 366, 116 Cal. Rptr.2d 401, 39 P.3d 432 (2002); Tomlin, 835 A.2d at 27 (Connecticut); State v. Hupp, 248 Kan. 644, 809 P.2d 1207, 1212 (1991); Perry, 839 S.W.2d at 273 (Kentucky); Porro, 939 N.E.2d at 1167 (Massachusetts); Cornell, 646 N.W.2d at 130 (Michigan); Dahlin, 695 N.W.2d at 597 (Minnesota); Brent, 644 A.2d at 588 (New Jersey); Van Norstrand, 623 N.Y.S.2d 767, 647 N.E.2d at 1278 (New York); Tamburano, 271 N.W.2d at 475 (Nebraska); Rosas v. State, 122 Nev. 1258, 147 P.3d 1101, 1106-07 (2006), abrogated on other grounds by Willing v. State, 2013 WL 3297070, at *2 (Nev. May 14, 2013); Keller, 695 N.W.2d at 711 (North Dakota); State v. Wilkins, 64 Ohio St.2d 382, 415 N.E.2d 303, 308 (1980); State v. Bums, 6 S.W.3d 453, 464 (Tenn.1999); Bignall, 887 S.W.2d at 24 (Texas); Sarabia, 348 N.W.2d at 531 (Wisconsin).

. Currently, Iowa Rule of Criminal Procedure 2.6 reflects this rule, stating:
In cases where the public offense charged may include some lesser offense it is the duty of the trial court to instruct the jury, not only as to the public offense charged
but as to all lesser offenses of which the accused might be found guilty under the indictment and upon the evidence adduced, even though such instructions have not been requested.

. § 569.020.1 ("A person commits the crime of robbery in the first degree when he forcibly steals property and in the course thereof he, or another participant in the crime ... (4) Displays or threatens the use of what appears to be a deadly weapon or dangerous instrument.”) (emphasis added).