

# In the Missouri Court of Appeals
# Eastern District

## DIVISION III

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | No. ED100132 |
| | ) | |
| Respondent, | ) | Appeal from the Circuit Court |
| | ) | of the City of St. Louis |
| vs. | ) | |
| | ) | Honorable Robin R. Vannoy |
| JAMES KUEHNLEIN, | ) | |
| | ) | |
| Appellant. | ) | FILED: March 10, 2015 |

Before: Kurt S. Odenwald, P.J., Robert G. Dowd, Jr., J., and Gary M. Gaertner, Jr., J.
PER CURIAM.

### Introduction

Appellant James Kuehnlein ("Kuehnlein") appeals from the judgment of the trial court entered upon a jury verdict finding him guilty of one count of second-degree domestic assault in violation of Section 565.073 and one count of third-degree domestic assault in violation of Section 566.074.[1] Kuehnlein was sentenced to a total of five years of imprisonment with execution of the sentence suspended for three years. In his first five points on appeal, Kuehnlein alleges the trial court violated his Sixth Amendment rights under the Confrontation Clause by limiting certain cross-examination and argument, and excluding evidence at trial. In his sixth

---

[1] All statutory references are to RSMo 2000 unless otherwise noted.

point on appeal, Kuehnlein argues that the trial court erred when it refused to instruct the jury on third-degree domestic assault as a lesser included offense of the charge of second-degree domestic assault based on choking. We affirm in part and reverse and remand in part.

First, we find that the trial court did not err when it limited Kuehnlein's cross-examination of witnesses and argument, and excluded certain evidence at trial. An extended opinion addressing these points on appeal would have no precedential value. We have, however, provided the parties with a memorandum setting forth the reasons for our decision. The trial court judgment entered upon the jury's verdict finding Kuehnlein guilty of one count of third-degree domestic assault is affirmed pursuant to Rule 30.25(b).

Second, because the record contains evidence that would provide a basis for acquitting Kuehnlein of second-degree domestic assault and convicting him of third-degree domestic assault, the trial court erred in not instructing the jury on third-degree domestic assault. Accordingly, we reverse the trial court's judgment entered on the charge of second-degree domestic assault and remand for a new trial.

<u>Factual and Procedural Background</u>

Kuehnlein and Victim began dating in March 2011. Kuehnlein was employed as a police officer in Velda City. Victim was employed as a server at Vin de Set restaurant. On November 5, 2011, Victim finished her shift at Vin de Set at about 10:30 p.m. After completing her shift, Victim stayed at Vin de Set to celebrate a coworker's last day at the restaurant. During this time Victim drank one beer and one shot. Victim later called Kuehnlein to let him know that she was finished with her shift and was going to a bar called Barney's with her co-workers. Kuehnlein later met Victim at Barney's and ordered several drinks.

2

Victim and Kuehnlein left Barney's together at closing. Kuehnlein drove the couple through the drive-through of a fast-food restaurant and then to Victim's nearby apartment. At Victim's apartment, Kuehnlein and Victim ate their food and talked. Victim testified that at some point she felt as though the conversation was going to turn into an argument so she asked Kuehnlein to leave. Victim stated that Kuehnlein then suddenly "snapped" and pinned Victim on the couch and put his hands around her throat. Victim could not move and begged Kuehnlein to stop. Victim testified that Kuehnlein stopped several times to pace around the room but then returned to the couch and choked Victim again. Victim further stated that Kuehnlein threw Victim off the couch and pinned her down onto the floor. Additionally, Victim maintained that Kuehnlein put his finger down her throat and used another finger to "fish hook" her lip and pull it back as far as he could. Victim stated that she tried to fight back by biting Kuehnlein's finger but was unsuccessful. Throughout the assault, Victim testified that Kuehnlein called her a "f**king bitch" and "f**king whore," threatened to kill her, and told her that she needed to leave the State of Missouri by the next morning.

Kuehnlein testified that after sitting down to eat their food, he smelled the scent of raw marijuana. Kuehnlein opened the drawer of Victim's coffee table and found a bag of marijuana and a bottle of pills. Kuehnlein testified that he became upset because he could lose his job as a police officer if he was found with someone illegally possessing drugs. Kuehnlein testified that Victim tried to calm him by sucking on his right thumb in a sexual manner, but he remained agitated. Kuehnlein further testified that when he threatened to flush the drugs down the toilet, Victim bit down on Kuehnlein's thumb as hard as she could and a physical altercation ensued. Kuehnlein denied choking Victim, but admitted to placing his hands on her throat and applying force to a pressure point in an effort to get Victim to release his thumb from her mouth.

3

Sometime around 3:00 a.m. Victim's neighbor in the apartment below heard loud thuds, a woman screaming, and a man yelling and calling the woman names. The neighbor listened for approximately ten minutes before calling 911. When the police arrived Victim ran outside and Kuehnlein followed behind. After speaking with both Victim and Kuehnlein, the responding officer arrested Kuehnlein for domestic assault and felonious restraint.

On December 7, 2011, the State of Missouri ("State") charged Kuehnlein with one count of kidnapping (Count I); one count of second-degree domestic assault for choking Victim (Count II); and two counts of third-degree domestic assault, one for head-butting Victim and one for pulling Victim's hair out (Counts III and IV, respectively). A jury found Kuehnlein guilty of second-degree domestic assault (Count II) and one count of third-degree domestic assault (Count IV) and acquitted Kuehnlein of kidnapping and the remaining count of third-degree domestic assault. The trial court sentenced Kuehnlein to five years of imprisonment for second-degree domestic assault and one year of imprisonment for third-degree domestic assault. The trial court suspended execution of those sentences and placed Kuehnlein on probation for a total of three years. This appeal follows.

Points on Appeal

In his first five points on appeal, Kuehnlein alleges that the trial court erred in prohibiting cross-examination, evidence, or argument on the following matters: (1) the presence of the drugs and drug paraphernalia found in Victim's apartment; (2) the fact that the State did not prosecute Victim for any crime in relation to the drugs and drug paraphernalia found in her apartment; (3) Victim's relationship with a detective not assigned to her case; (4) statements and omissions made by the Victim in her application for an order of protection; and (5) a surveillance video allegedly showing Victim and her co-workers drinking at Vin de Set on the night of the assault.

4

In his sixth point on appeal, Kuehnlein asserts that the trial court erred when it did not instruct the jury on the lesser-included offense of third-degree domestic assault for the charge of second-degree domestic assault based on choking because the jury could have believed Kuehnlein intended to cause physical harm by placing his hands on Victim's throat without choking her.

## Standard of Review

We review a trial court's decision whether to give a requested jury instruction under Section 556.046 *de novo*. State v. Jackson, 433 S.W.3d 390, 395 (Mo. banc 2014). In making this determination, we review the evidence in a light most favorable to the defendant. State v. Halford, 432 S.W.3d 311, 313 (Mo. App. S.D. 2014). If the requirements for giving such an instruction are met, a failure to give a requested instruction is reversible error. McNeal v. State, 412 S.W.3d 886, 894 (Mo. banc 2013).

## Discussion

As stated above, we have reviewed points one through five and find the claims of legal error to be without merit. Because an extended opinion reciting the detailed facts and restating the principles of law applicable to those points would serve no jurisprudential purpose, we address those points separately in a memorandum issued to the parties pursuant to Rule 30.25(b). In this opinion, we limit our analysis to Kuehnlein's sixth point on appeal which alleges instructional error.

In point six, Kuehnlein posits that the trial court erred when it refused to instruct the jury on third-degree domestic assault as a lesser included offense of Count II, second-degree domestic assault. The State charged Count II as second-degree domestic assault based on Kuehnlein's conduct of choking Victim. Kuehnlein maintains that the jury reasonably could have found from the evidence that Kuehnlein placed his hands on Victim's throat with the intent to cause her

5

physical injury, but without choking her.  Because choking is the differential element distinguishing second-degree domestic assault and third-degree domestic assault in this case,[2] Kuehnlein argues that he was entitled to an instruction on the lesser offense of third-degree domestic assault.

It is well settled that a trial court must instruct the jury on the lesser included offense if: (1) the defendant requests the instruction, and (2) the evidence provides a basis for a verdict acquitting the defendant of the charged (greater) offense and convicting the defendant of the lesser offense.  State v. Derenzy, 89 S.W.3d 472, 474 (Mo. banc 2002).  If the evidence supports differing conclusions, the trial court must instruct on each offense.  State v. Pond, 131 S.W.3d 792, 794 (Mo. banc. 2004).  Because it is the jury's role to determine the credibility of witnesses, resolve conflicts in testimony, and weigh evidence, a jury may accept or reject all, part, or none of any witness's testimony.  State v. Williams, 313 S.W.3d 656, 660 (Mo. banc 2010); see also Jackson, 433 S.W.3d at 399 (reaffirming the holdings in Pond and Williams).  "'Doubts concerning whether to instruct on a lesser included offense should be resolved in favor of including the instruction, leaving it to the jury to decide.'"  Jackson, 433 S.W.3d at 399 (quoting Derenzy, 89 S.W.3d at 474–75).

The parties do not dispute that Kuehnlein requested an instruction on third-degree domestic assault, and that the evidence provided a basis for a verdict acquitting Kuehnlein of second-degree domestic assault by choking Victim.  Kuehnlein testified that he did not choke Victim even though he applied pressure to Victim's throat.  If a jury believed Kuehnlein's

---

[2] Choking is not a mandatory element of second-degree domestic assault and therefore is not always the differential element between second-degree domestic assault and third-degree domestic assault.  See Section 565.073:

> A person commits the crime of domestic assault in the second degree if the act involves a family or household member . . . and . . . he or she [a]ttempts to cause or knowingly causes physical injury to such family or household member by **any means, including but not limited to** . . . choking or strangulation.

(emphasis added).  However, because the State specifically charged Kuehnlein with attempting to cause physical injury to Victim by means of choking, choking became a requisite element of the charge.

6

testimony, there exists a basis for acquitting Kuehnlein of the second-degree domestic assault charge. Thus, the only question remaining is whether the evidence provided the jury a basis for convicting Kuehnlein of third-degree domestic assault.

Section 565.074 sets forth the offense of third-degree domestic assault and states, in pertinent part:

> 1. A person commits the crime of domestic assault in the third degree if the act involves a family or household member, including any child who is a member of the family or household, as defined in section 455.010 and:
>
> > (1) The person attempts to cause or recklessly causes physical injury to such family or household member; or
> > (2) With criminal negligence the person causes physical injury to such family or household member by means of a deadly weapon or dangerous instrument; or
> > (3) The person purposely places such family or household member in apprehension of immediate physical injury by any means; or
> > (4) The person recklessly engages in conduct which creates a grave risk of death or serious physical injury to such family or household member; or
> > (5) The person knowingly causes physical contact with such family or household member knowing the other person will regard the contact as offensive; or
> > (6) The person knowingly attempts to cause or causes the isolation of such family or household member by unreasonably and substantially restricting or limiting such family or household member's access to other persons, telecommunication devices or transportation for the purpose of isolation.

Kuehnlein requested an instruction based upon subsection (1) of Section 565.074. The proposed instruction read, in relevant part:

> As to Count II, if you do not find that defendant is guilty of domestic assault in the second degree as submitted in Instruction No. __, you must consider whether defendant is guilty of domestic assault in the third degree:
>
> If you find and believe from the evidence beyond a reasonable doubt:
>
> First, that on or about November 11, 2013, in the City of St. Louis, State of Missouri, the defendant attempted to cause physical injury to [Victim] by placing his hand on her throat, and

7

Second, that [Victim] and the defendant were in a continuing social relationship of a romantic or intimate nature,

Then you will find the defendant guilty under Count II of domestic assault in the third degree.

The proposed instruction differed from the second-degree domestic assault instruction by removing "choking" as a required element, thereby reducing Kuehnlein's alleged conduct to third-degree domestic assault. The State maintains that despite the removal of the element of "choking," the record nevertheless lacks a basis for convicting Kuehnlein of third-degree domestic assault because there is no evidence to support the required element that Kuehnlein attempted to cause Victim "physical injury" when he placed his hands on her throat. The State asserts that Kuehnlein's own testimony revealed that his intent in placing his hands on Victim's throat was to remove his thumb from Victim's mouth. The State reasons that if the jury disbelieved Victim's testimony that Kuehnlein choked her, and instead believed Kuehnlein's testimony that he placed his hands on the pressure points of Victim's throat for the purpose of removing his thumb from her mouth, Kuehnlein's testimony does not evidence an intent to cause Victim physical injury and therefore could not support a conviction of third-degree domestic assault. We are not persuaded.

The State's argument fails because it limits the jury's discretion to either completely believing Victim's testimony about the alleged choking or fully adopting Kuehnlein's version of events. We reject the false dichotomy offered by the State because a fundamental principle of Missouri law recognizes the jury's discretion to believe all, none, or any part of any witness's testimony. Williams, 313 S.W.3d 660. Thus, the jury was permitted to accept part of Victim's testimony, part of Kuehnlein's testimony, and reject the rest.

8

Victim testified that Kuehnlein choked her several times during the course of the assault; that she could breathe, but it was difficult; and that she gasped for air a few times. Kuehnlein testified that he never choked Victim, but did apply force to a pressure point on Victim's neck so that Victim would release his thumb from her bite. Viewing the evidence in the light most favorable to Kuehnlein, we hold that the jury reasonably could have concluded that Kuehnlein did not choke Victim, but that he nevertheless attempted to cause Victim physical injury by placing his hands around her throat. Such evidence provides a basis to convict Kuehnlein of third-degree domestic assault. When the evidence provides a basis for a verdict acquitting the defendant of the greater offense and yet convicting the defendant of the lesser offense, the trial court must instruct the jury on the lesser offense if requested. Derenzy, 89 S.W.3d at 474. Accordingly, the trial court erred when it refused Kuehnleins's request to instruct the jury on third-degree domestic assault for the charge of second-degree domestic assault based on choking. Point six is granted.

## Conclusion

Because an evidentiary basis existed for acquitting Kuehnlein of second-degree domestic assault and convicting Kuehnlein of third-degree domestic assault, Kuehnlein was entitled to an instruction on third-degree domestic assault. The trial court erred in refusing Kuehnlein's requested lesser-included instruction. The trial court's judgment is reversed, and this matter is remanded for a new trial.

9