

# Missouri Court of Appeals

## Southern District

### Division One

STATE OF MISSOURI,⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀Plaintiff-Respondent,⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
v.⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)⠀⠀⠀No. SD33331
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)⠀⠀⠀Filed: 8-20-15
KENNETH A. STEWART,⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀Defendant-Appellant.⠀⠀⠀)

### APPEAL FROM THE CIRCUIT COURT OF GREENE COUNTY

Honorable Calvin R. Holden, Circuit Judge

### AFFIRMED IN PART, REVERSED IN PART AND REMANDED

Kenneth Stewart (Defendant) appeals his convictions on two counts of endangering the welfare of a child in the first degree (Counts III and V) and two related counts of armed criminal action (Counts IV and VI). *See* § 568.045; § 571.015 RSMo (2000).[1] He contends the trial court erred by denying his request to instruct the jury on the lesser-included offense of endangering the welfare of a child in the second degree.

---

[1] Unless otherwise specified, all references to statutes are to RSMo Cum. Supp. (2012). The second amended information also charged Defendant with assault in the first degree (Count I) and a related count of armed criminal action (Count II). *See* § 565.050; § 571.015 RSMo (2000). Because Defendant does not challenge his convictions for these offenses, we affirm the parts of the judgment addressing these convictions and sentences.

*See* § 568.050. Because of that error, Defendant also contends the related armed criminal action convictions must be reversed. Defendant's contentions have merit. We therefore reverse the portions of the judgment addressing the convictions and sentences in Counts III-VI and remand for a new trial.

## Relevant Facts and Procedural History

In July 2013, Aaron Norfolk (Norfolk) resided at 608 West Mount Vernon in Springfield, Missouri, with his girlfriend and their daughters, I.R. and T.R. (the children). That residence shared a privacy fence with an adjoining house. Norfolk was playing with the children in the backyard when he heard a loud noise. Norfolk glanced over his shoulder and saw Defendant and another man climbing over the privacy fence. Defendant had a gun in his hand. Defendant fired multiple shots, and Norfolk was hit in the right shoulder and right hip. According to Norfolk, he was holding I.R. when he was shot the first time and holding both children when he was shot the second time.

Police located Defendant in a nearby residence and recovered a gun from an air conditioning vent. During questioning by police, Defendant admitted that he fired the gun six or seven times. Defendant denied shooting in the direction of the children. According to Defendant, he shot in the air while the children were in a side yard 25-30 feet away.

As noted above, the charges against Defendant included two counts of endangering the welfare of a child in the first degree and two related counts of armed criminal action. *See* § 568.045; § 571.015 RSMo (2000). During the instruction conference, the trial judge stated that he intended to give the State's tendered Instructions 14 and 18, which submitted first-degree child endangerment as alleged in Counts III and V. Instruction No. 14 stated:

2

As to Count III, if you find and believe from the evidence beyond a reasonable doubt:

First, that on or about July 25, 2013, in the County of Greene, State of Missouri, the defendant shot a gun in the direction of I.R., and

Second, that in so doing, the defendant created a substantial risk to the body or health of I.R., and

Third, that I.R. was then less than seventeen years of age, and

Fourth, that the defendant acted knowingly with respect to the facts and circumstances submitted in this instruction,

then you will find the defendant guilty under Count III of endangering the welfare of a child in the first degree.

However, unless you find and believe from the evidence beyond a reasonable doubt each and all of these propositions, you must find the defendant not guilty of that offense.

Instruction No. 18 was identical aside from the references to Count V and the identification of T.R. as the child.

The trial court refused defense counsel's tendered Instructions C and D, which were based upon MAI-CR 3d 322.11.[2] Instruction C stated:

As to Count III, if you do not find the defendant guilty of endangering the welfare of a child in the first degree, you must consider whether he is guilty of endangering the welfare of a child in the second degree.

As to Count III, if you find and believe from the evidence beyond a reasonable doubt:

First, that on or about July 25, 2013, in the County of Greene, State of Missouri, the defendant shot a gun in the general direction of [I.R.], and Second, that in so doing, the defendant created a substantial risk to the body or health of [I.R.], and

Third, that [I.R.] was then less than seventeen years old, and

---

[2] The State concedes that defense counsel made a timely request for these instructions to be given.

Fourth, that defendant acted with criminal negligence in creating a substantial risk to the body or health of a child under seventeen years of age, then you will find the defendant guilty under Count III of endangering the welfare of a child in the second degree.

However, unless you find and believe from the evidence beyond a reasonable doubt each and all of these propositions, you must find the defendant not guilty of that offense.

As used in this instruction, the term "acted with criminal negligence" means that one fails to be aware of a substantial and unjustifiable risk that circumstances exist or a result will follow, and such failure constitutes a gross deviation from the standard of care that a reasonable person would exercise in the situation.

Instruction D was identical aside from the references to Count V and the identification of T.R. as the child. The jury found Defendant guilty of two counts of first-degree child endangerment and the two related counts of armed criminal action.

**Discussion and Decision**

On appeal, Defendant contends that his two convictions for first-degree child endangerment and the two related convictions for armed criminal action must be reversed. In Point I, Defendant argues that the trial court erred by refusing to give Instruction C. In Point II, Defendant argues that the trial court erred by refusing to give Instruction D. As each point raises the same issue, we will consider them together.

The giving of lesser-included offense instructions is governed by § 556.046.3, which states that "[t]he court shall be obligated to instruct the jury with respect to a particular included offense only if there is a basis in the evidence for acquitting the defendant of the immediately higher included offense and there is a basis in the evidence for convicting the defendant of that particular included offense." *Id*. As our Supreme Court explained in *State v. Jackson*, 433 S.W.3d 390 (Mo. banc 2014), there is almost always a basis in the evidence for acquitting a defendant of a greater offense because the

4

jury has a right to believe all, some or none of the State's evidence. *Id*. at 399. The State concedes, per *Jackson*, that there was a basis to acquit Defendant of the charged offenses of first-degree child endangerment.

The dispositive issue is whether there was a basis in the evidence to convict Defendant of second-degree child endangerment. If there was, then the trial court erred by refusing Instructions C and D. Two post-*Jackson* decisions from our Supreme Court control our analysis of that issue. *See State v. Roberts*, 2015 WL 4627393 (Mo. banc filed August 4, 2015); *State v. Randle*, 2015 WL 4627381 (Mo. banc filed August 4, 2015). As our Supreme Court explained in *Roberts*:

> "[T]he jury's right to disbelieve all or any part of the evidence, and its right to refuse to draw any needed inference, is a sufficient basis in the evidence to justify giving any lesser included offense instruction when the offenses are separated only by one differential element for which the state bears the burden of proof." *Jackson,* 433 S.W.3d at 401. Lesser-included offenses that are separated from the greater offense by one differential element for which the State bears the burden of proof are referred to as "nested" lesser-included offenses. A "nested" lesser-included offense consists of a subset of the elements of the greater offense. Consequently, "it is *impossible to commit* the greater without *necessarily committing* the lesser." *Id.* at 404. A defendant is entitled, upon proper request, to an instruction on a "nested" lesser-included offense and, therefore, does not have to introduce affirmative evidence or "cast doubt" over the state's evidence in any way. *Id.* at 401-402.

*Roberts*, 2015 WL 4627393 at *2 (italics in original); *see Randle*, 2015 WL 4627381 at *2.

On the facts presented here, we conclude that the crime of second-degree child endangerment was a nested lesser-included offense of the crime of first-degree child endangerment because Instruction 14 and Instruction C, as well as Instruction 18 and Instruction D, contained one differential element (the required *mens rea*) on which the State bore the burden of proof. Section 568.045 states, in relevant part, that "A person

5

commits the crime of endangering the welfare of a child in the first degree if: (1) The person knowingly acts in a manner that creates a substantial risk to the life, body, or health of a child less than seventeen years old ….” § 568.045.1(1). Section 568.050 states, in relevant part, that “A person commits the crime of endangering the welfare of a child in the second degree if: (1) He or she with criminal negligence acts in a manner that creates a substantial risk to the life, body or health of a child less than seventeen years old ….” § 568.050.1(1). The differential mental state is included in Instructions 14 and 18, tendered by the State, and Instructions C and D, tendered by defense counsel. Section 562.021 states, in relevant part, that “If the definition of an offense prescribes criminal negligence as the culpable mental state, it is also established if a person acts purposely or knowingly or recklessly.” § 562.021.4 RSMo (2000). Therefore, proof that Defendant knowingly acted in a manner that created a substantial risk to the life, body or health of the children necessarily means there also was a basis in the evidence for the jury to convict Defendant of second-degree child endangerment by creating that substantial risk through his criminal negligence. *See* **Roberts**, 2015 WL 4627393 at *2; *see also* **Randle**, 2015 WL 4627381 at *2. Defense counsel properly requested Instructions C and D on the nested lesser-included offense of second-degree child endangerment. The trial court erred in refusing those instructions. Points I and II are granted.

## Conclusion

Because Defendant did not challenge his convictions for first-degree assault and armed criminal action as charged in Counts I and II, the portions of the judgment relating to those convictions and sentences are affirmed. *See* **State v. Kuehnlein**, 456 S.W.3d 510, 511-12 (Mo. App. 2015). The trial court did err, however, in refusing defense counsel's proffered instructions on the nested lesser-included offense of second-degree

6

child endangerment. Consequently, we reverse Defendant's convictions for first-degree child endangerment and armed criminal action as charged in Counts III-VI. *See **Randle***, 2015 WL 4627381 at *3. The cause is remanded for a new trial on those counts. *See **Kuehnlein***, 456 S.W.3d at 511-12 (Mo. App. 2015); Rule 30.22, Missouri Court Rules (2015).


JEFFREY W. BATES, J. – OPINION AUTHOR

DANIEL E. SCOTT, P.J. – CONCUR

MARY W. SHEFFIELD, C.J. – CONCUR