

# Missouri Court of Appeals

## Southern District

### Division One

KENNETH STEWART, )
)
    Appellant, )
) No. SD37020
    vs. )
) **Filed:  March 8, 2022**
STATE OF MISSOURI, )
)
    Respondent. )

APPEAL FROM THE CIRCUIT COURT OF GREENE COUNTY

Honorable Calvin R. Holden, Judge

## AFFIRMED

Kenneth Stewart ("Movant") appeals the motion court's denial of his motion for post-conviction relief under Rule 29.15.[1] Movant raises two points on appeal.  In his first point, Movant argues that we should review his claim even though it was not timely filed.  In his second point, Movant argues that trial counsel's failure to call a witness, Ms. Wells, resulted in ineffective assistance of counsel.  Because the first point is moot and the second point lacks merit, we affirm the trial court's ruling.

---

[1] All rule references are to Supreme Court Rules (2017), unless otherwise indicated.

## Background

Movant was convicted, following a jury trial, of one count of assault in the first degree, two counts of endangering the welfare of a child in the first degree, and three counts of armed criminal action. We reversed the two counts of child endangerment and two counts of armed criminal action because the jury was not instructed on the lesser included offense of child endangerment in the second degree. ***State v. Stewart***, 482 S.W.3d 426 (Mo.App. 2015). We remanded the case for a new trial on those four counts.

Movant was tried again before a jury and convicted of two counts of endangering the welfare of a child in the first degree and two counts of armed criminal action. Movant was sentenced in the Circuit Court of Greene County, Missouri, to two years imprisonment for each of the two counts of endangering the welfare of a child and three years for each of the two counts of armed criminal action.

We affirmed Movant's second conviction on direct appeal. ***State v. Stewart***, 517 S.W.3d 680 (Mo.App. 2017). We issued our mandate on June 8, 2017. Therefore, the deadline for Movant to file his motion for post-conviction relief was Wednesday, September 6, 2017. Rule 29.15(b).

Movant's initial *pro se* motion for post-conviction relief under Rule 29.15 was postmarked September 6, 2017, and was received by the court on September 8, 2017. For reasons unexplained, it bore a file stamp date of September 7, 2017. That was 91 days after this court issued its mandate. Through counsel, Movant filed an amended motion in which he asserted that he had timely filed a *pro se* motion on September 6, 2017.

At the hearing of Movant's amended motion for post-conviction relief, after a request by Movant's counsel, the motion court found that everything had been timely filed. Trial counsel's strategy involved efforts to discredit the State's evidence by cross-

2

examining the State's witnesses, discrediting them or their recollection of events, and by Movant testifying. Trial counsel testified that if he had been told about a possible witness he would have investigated the witness. Trial counsel further testified that if a witness had a bad record or the witness' testimony did not fit counsel's theory of defense, then counsel would not call the witness to testify. Trial counsel did not remember Ms. Wells' name, but he did recall that Movant had mentioned a woman who could have been a potential witness.

Movant testified that Ms. Wells was supposed to testify on his behalf, but after several attempts, his trial counsel had "stopped trying to reach out to her." Movant made an offer of proof consisting solely of his own testimony that Ms. Wells would have testified that Movant did not endanger any children and that he believed Ms. Wells' testimony would have led to a different outcome at trial. Ms. Wells was not present and did not testify at the evidentiary hearing.

The motion court denied Movant's motion for post-conviction relief, finding Movant had failed to prove that Ms. Wells could have been located after a reasonable investigation, that she would have testified, or what her testimony would have been. Movant timely filed a notice of appeal.

### Standard of Review

Review of a Rule 29.15 order is limited to a determination of whether the motion court's findings of fact and conclusions of law are clearly erroneous. Rule 29.15(k). Findings and conclusions are clearly erroneous if, after reviewing the entire record, we are left with a definite and firm impression that a mistake has been made. ***Swallow v. State***, 398 S.W.3d 1, 3 (Mo. banc 2013).

3

## Discussion

## Point I: Timeliness

"Missouri law is clear: The post-conviction filing deadlines are mandatory and failure to adhere to these deadlines imposes a harsh consequence—the complete waiver of the right to seek post-conviction relief and a complete waiver regarding all claims that could be raised in a Rule 29.15 motion." *Watson v. State*, 520 S.W.3d 423, 434 (Mo. banc 2017). Rule 29.15(b) provides that if the underlying case is appealed, then "the motion shall be filed within 90 days after the date the mandate of the appellate court issues affirming such judgment or sentence." The motion court and appellate courts have a duty to enforce this time limit. *McDaniel v. State*, 608 S.W.3d 763, 767 (Mo.App. 2020); *Price v. State*, 422 S.W.3d 292, 297 (Mo. banc 2014). These are mandatory deadlines which may not be waived, even if the State fails to raise them. *McDaniel*, 608 S.W.3d at 767; *Watson v. State*, 536 S.W.3d 716, 717 (Mo. banc 2018); *Price*, 422 S.W.3d at 297. "'When a pro se motion is considered untimely filed under Rule 29.15(b), the motion court lacks authority to review the merits of the motion and should dismiss it as untimely.'" *McDaniel*, 608 S.W.3d at 767 (quoting *Brooks v. State*, 516 S.W.3d 442, 444 (Mo.App. 2017)).

Because the failure to file a timely motion for post-conviction relief results in a complete waiver, the movant must demonstrate that his or her initial *pro se* motion for post-conviction relief is timely filed. *Vogl v. State*, 437 S.W.3d 218, 226-7 (Mo. banc 2014). At the time of *Vogl*, there were three methods by which a movant could demonstrate the motion's timeliness:

> (1) filing the original *pro se* motion timely so that the file stamp on the motion reflects that it is filed within the time limits [prescribed] in the rule;
> (2) alleging in the original *pro se* motion and proving by a preponderance

4

of the evidence that the movant's circumstances fall within a recognized exception to the time limits; or

(3) alleging in the amended motion and proving by a preponderance of the evidence that the circuit court misfiled the motion.

*Id.* at 226. As this quotation from *Vogl* explains, only the second and third methods require pleading and proof. A file stamp reflecting filing within the time limits is, on its face, sufficient proof of timeliness.

In this case, the State and Movant both assert, for the first time on appeal, that because Movant's motion bears a filing stamp reflecting that it was received and filed after the filing deadline, the motion was untimely. Based on that premise, Movant's first point on appeal asserts that the trial court erred by not conducting a hearing to determine the reason for the late filing. He requests that we remand and direct the motion court to conduct such a hearing.

A change to Rule 29.15(b) effective July 1, 2017, altered the filing date for post-conviction relief motions. The relevant language in effect when we issued our mandate required the *pro se* motion to be filed within 90 days and stated:

> Failure to file a motion within the time provided by this Rule 29.15 shall constitute a complete waiver of any right to proceed under this Rule 29.15 and a complete waiver of any claim that could be raised in a motion filed pursuant to this Rule 29.15.

Under the former rule, Movant's motion was filed after the deadline based on the file stamp and would have been untimely. *Vogl*, 437 S.W.3d at 226-228 (stating that the timeliness of a *pro se* motion is reflected in the time stamp placed upon it when it is received into the clerk's office); *Dorris v. State*, 360 S.W.3d 260, 267 (Mo. banc 2012); *Daniels v. State*, 31 S.W.3d 121, 123 (Mo.App. 2000) (stating that timely mailing does not equate to timely filing). However, the rule was substantially changed so that at the time Movant mailed his motion the rule read as follows:

5

> *If the motion is sent to the sentencing court by first-class United States Mail and is addressed correctly with sufficient postage and deposited in the mail on or before the last day for filing the motion, the motion shall be deemed to be filed timely. A legible postmark affixed by the United States Postal Service shall be prima facie evidence of the date of the filing of the motion.* Failure to file a motion within the time provided by this Rule 29.15 shall constitute a complete waiver of any right to proceed under this Rule 29.15 and a complete waiver of any claim that could be raised in a motion filed pursuant to this Rule 29.15.

(emphasis added). Prior to this change, Rule 29.15 lacked the protection of the mailbox rule, so absent a relevant exception, motions received after the filing date, even if timely mailed, were untimely. *See **Watson***, 520 S.W.3d at 429, 434; *see also **Price***, 422 S.W.3d at 297. As is also evident from the very nature of this rule change, a *pro se* motion meeting the new mailbox requirements is timely upon mailing. Therefore, a later file stamp on the motion itself is neither relevant to, nor determinative of, timeliness.

In sum, the aforesaid amendment to Rule 29.15(b) added a fourth method by which Movant could demonstrate that he timely filed his *pro se* motion for post-conviction relief:

(1) timely filing the original *pro se* motion so that the time stamp on the file reflects that it is within the time limits prescribed in the Rule;
(2) alleging and proving by a preponderance of the evidence in his motion that he falls within a recognized exception to the time limits;
(3) alleging and proving by a preponderance of the evidence in his amended motion that the court misfiled the motion; or
(4) timely filing of the original *pro se* motion pursuant to the mailbox rule.

*See **Dorris***, 360 S.W.3d at 267; Rule 29.15(b).

The record on appeal shows the clerk's office made a docket entry that Movant's motion was filed on September 7, but it had been received on September 8, 2017. Appointed counsel submitted an amended motion asserting that the motion was filed on September 6, 2017, and the motion court found that the motion was timely filed. The legal file shows that, as required by Rule 29.15(c), the circuit clerk retained in the court

file the envelope in which the *pro se* motion had been sent. That envelope shows that it was correctly addressed to the circuit clerk of Greene County, Missouri; it was sent by first class mail via the United States Postal Service with sufficient postage; and it bore a legible postmark dated September 6, 2017. This postmark is prima facie evidence that the *pro se* motion was filed on September 6th, which made it timely. Rule 29.15(b). No one disputed this filing date at the evidentiary hearing.

Appellate courts have an independent duty to enforce the mandatory 90-day Rule 29.15(b) time limit. *See **Bearden v. State***, 530 S.W.3d 504, 506 (Mo. banc 2017); ***Price***, 422 S.W.3d at 297. Based on our review of the record, the *pro se* motion was timely filed on September 6th pursuant to the mailbox rule. Therefore, we deny Movant's first point as moot.

### Point II: Failure to locate a witness

In his second point on appeal, Movant asserts that he was deprived of effective assistance of counsel when his trial counsel failed to call Ms. Wells as a witness. To prevail on a claim that he received ineffective assistance of counsel, the movant must demonstrate by a preponderance of the evidence that counsel failed to exercise the level of skill and diligence that reasonably competent trial counsel would in a similar situation and the movant was prejudiced as a result of counsel's failure. ***Davis v. State***, 486 S.W.3d 898, 906 (Mo. banc 2016); ***Strickland v. Washington***, 466 U.S. 668, 687 (1984). As relevant here, to succeed on a claim of ineffective assistance of counsel for failure to call a witness, Movant was required to show "(1) counsel knew or should have known of the existence of the witness; (2) the witness could be located through reasonable investigation; (3) the witness would testify; and (4) the witness's testimony would have produced a viable defense." ***McFadden v. State***, 553 S.W.3d 289, 305 (Mo. banc 2018)

7

(internal quotation marks omitted). "Counsel's decision not to call a witness is presumed to be a matter of trial strategy and will not support a claim of ineffective assistance of counsel unless the appellant clearly establishes otherwise." *State v. Clay*, 975 S.W.2d 121, 143 (Mo. banc 1998); *see also Rowland v. State*, 605 S.W.3d 125, 129 (Mo.App. 2020).

In his amended motion Movant identified one witness, Ms. Wells, and claimed that Ms. Wells' testimony would have corroborated Movant's version of events and would have contradicted the testimony of a State's witness. Movant asserted that trial counsel failed to contact and call Ms. Wells as a witness. He further asserted that if trial counsel had spoken to Ms. Wells, she would have established that Movant had not endangered any children. Movant claimed that Ms. Wells was willing and available to testify and her testimony was reasonably discoverable.

Trial counsel testified that he made at least two attempts to contact Ms. Wells, but he was unsuccessful. Ms. Wells did not testify nor was she present at the motion hearing. Despite Movant's knowledge of Ms. Wells, he did not submit any evidence demonstrating that she could be located, that she would testify, or that her testimony would have produced a viable defense. Movant has not demonstrated that his counsel was ineffective due to a lack of skill or diligence and has not demonstrated that he was prejudiced by his trial counsel's alleged deficiency. Point II is denied. Judgment affirmed.

JACK A. L. GOODMAN, J. – OPINION AUTHOR

WILLIAM W. FRANCIS, JR., P.J. – CONCURS

JEFFREY W. BATES, J. – CONCURS